Harvey Estate.

Argued April 10, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and HUGHES, JJ.

*John Mulford*, with him *Drinker, Biddle & Reath, Robert M. Miles, Eugene John Lewis* and *Wm. Nelson West, 3rd,* for pecuniary legatees, appellants.

*Philip A. Bregy*, with him *MacCoy, Brittain, Evans & Lewis*, for Pennsylvania Hospital, residuary legatee, appellee.

*George B. Clothier*, with him *Edmonds, Obermayer & Rebmann*, for Pennsylvania Museum of Art, residuary legatee, appellee.

Opinion by Mr. Justice Hughes, June 30, 1944:

R. Wistar Harvey died October 21, 1939, leaving an estate valued in excess of $2,000,000. His will, dated May 2, 1936, contained: (1) pecuniary legacies aggregating $235,000, each "subject to the payment of the Pennsylvania State Inheritance Tax"; (2) specific legacies in which it was provided the tax thereon was to be paid out of the residue; and (3) a residuary legacy in trust, the income to be divided by the trustees after deducting from gross income, taxes and legal expenses thereon. At the audit the executors requested that a percentage of the pecuniary legacies be retained to permit apportionment of the federal estate taxes.

The questions raised on this appeal are:

(1) Does the Act of July 2, 1937, P. L. 2762, 20 PS §844,[1] operate to require apportionment of estate

---

[1] The relevant portion of the Pennsylvania Apportionment Act of July 2, 1937, P. L. 2762, 20 PS §844, reads as follows: "Whenever . . . an executor . . . has paid an estate tax . . . upon or with respect to any property required to be included in the gross estate of a decedent . . . the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred, or to whom any benefit accrues. Such proration shall be made . . . in the proportion . . . that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that, in making such proration, allowances shall be made for any exemptions granted by the act imposing the tax, and for any deductions allowed by such act, for the purpose of arriving at the value of the net estate, and except that in cases where a trust is created or other provision made whereby any person is given an interest in income or an estate for years or for life . . . the tax on both such temporary interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property . . . without apportionment between remainders and temporary estates. . . . the term 'persons interested in the estate' shall . . . include all persons who may be entitled to receive . . . any property or interest which is required to be included in the gross estate of a decedent."

taxes between pecuniary and residuary legatees? The appellants contend that since the pecuniary legacies are expressly made "subject to the payment of the Pennsylvania State Inheritance Tax" they are impliedly relieved of all other tax. The Act of 1937, supra, provides that estate taxes in all cases shall be apportioned among the parties interested in the gross taxable estate according to the amounts of their interest *"except in a case where a testator otherwise directs in his will."* In §11 of the Wills Act of June 7, 1917, P. L. 403, 20 PS §223, there is a provision that a general devise of a testator's estate "shall be construed to include any real estate . . . which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power *unless a contrary intention shall appear by the will."* (Italics supplied.) We stated in *Provident Trust Company of Philadelphia, Trustee, v. Scott et al.,* 335 Pa. 231, 234, 6 A. 2d 814: "What this statute does, in the absence of a specific and unmistakable intention of the testator to exercise the power, by express reference in his will, is to create a presumption of his intention to execute it. . . . This presumption may be overcome, moreover, only by the presence in the will of language clearly indicative of a contrary dispositive intent, or of a form or method of disposition inconsistent with an exercise of the power. The contrary intent must appear from the will itself, not from extraneous circumstances." Like the Act of 1917, supra, the Act of 1937, supra, expressly supplies a presumption of the testator's intention and, when read into this will, is the equivalent of an express provision that these pecuniary legacies are subject to federal inheritance taxes. Unless there is in the terms of the will some provision which is clearly inconsistent with such construction, and, when the will is construed as a whole, will override it, the will shall be construed in accordance with the presumption provided by the statute. The appellants contend we should search for the testamentary intent in con-

struing how these taxes shall be paid. With this contention we have no disagreement, but the statute creates a presumption which can only be overcome by clear language. When the statute is applied in this case, requiring each pecuniary legacy to pay its pro rata share of the federal tax, there appears no expression in the will of any intent by the testator to impose the full burden of the federal tax on the residuary legatees in contravention of the statute.

(2) The appellants contend that the statute should not apply to pecuniary legacies, for if it does it is unconstitutional. Under Article IX, Section 1, of the Constitution of Pennsylvania, requiring uniformity of taxation, the statute in question lacks no uniformity in its application to all the legacies. The variance is due to the graduated federal tax as applied under the rule laid down in the statute. All beneficiaries are affected alike by its application. It was pointed out in *Riggs v. Del Drago*, 317 U. S. 95, that such a statute is not in conflict with the Federal Estate Tax Statute, it does not contravene the supremacy clause of the Constitution; nor does the fact that the ultimate incidence of the federal estate tax is governed by state law violate the requirement of geographical uniformity. The Apportionment Act of 1937, supra, is an administrative provision governing the distribution of estates under the Fiduciaries Act. The right of the states to fix and determine the incidence of the federal estate tax among the legatees of the estate has been frequently recognized. See *Y. M. C. A. v. Davis*, 264 U. S. 47 (1924), and *Riggs v. Del Drago*, supra.

(3) The appellants further contend that in the apportionment of state taxes an aliquot share should be allocated to residuary gifts to charitable beneficiaries. Section 812 of the Internal Revenue Code, already in effect October 21, 1939, provides that the net estate shall be determined by deducting from the value of the gross estate: (a) an exemption of $100,000; (b) ex-

penses, losses, indebtedness and taxes; (c) property previously taxed; (d) transfers for public, charitable and religious uses. The estate tax, unlike the normal state inheritance tax, is a tax upon the property of the decedent: *Mellon Estate,* 347 Pa. 520, 532, 32 A. 2d 749. It is left to the states to determine what interests in the estate should bear the burden of the taxes. The Apportionment Act of 1937, supra, was passed for that purpose. In construing the Act, the learned judge of the court below said: "In determining the purpose of this act we must refer also to the Internal Revenue Act which it was enacted to execute and to whose terms it refers and partly adopts. Given this setting, it is unquestionable that the purpose of the Pennsylvania Act is to equitably apportion the burden of the tax. Therefore, in our opinion the application of the equitable doctrine of contribution demands that the tax be borne commensurately by those whose gifts contribute to the tax burden and conversely that there be eliminated from such burden all whose legacies do not in any way create or add to the tax. This is best illustrated by supposing the case of an estate wherein everything is bequeathed to public, charitable or religious purposes. In such case, under the Revenue Act, to the extent that the charity actually receives the money it is exempt from Federal tax. On the other hand, in an estate where there are no such gifts, all of the legacies pay proportionately, because they all contribute to the burden of the tax. The act lacks an express direction to 'thrust' any of the tax upon the charities and, therefore, we cannot conceive that the Pennsylvania Legislature intended to violate the spirit of the Federal Act, whose provisions allowing the deductions of the charitable legacies are practically written into the Pennsylvania Act." This was a proper construction and interpretation of the statute.

The decree affirmed; costs to be paid by the appellants.