Stadtfeld Estate.

Argued March 25, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Elder W. Marshall,* with him *Edwin P. Griffiths* and *Reed, Smith, Shaw & McClay,* for appellants.

*E. B. Strassburger,* with him *E. B. Strassburger, Jr.* and *Strassburger & McKenna,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 22, 1948:

Judge Joseph Stadtfeld entered into a separation agreement with his wife in 1916 in which he agreed to pay her the sum of $300 per month during her life, this obligation to be released, however, in case he should thereafter create a trust fund for her of $75,000; if he died without creating such fund his executors were to have the right to do so. The wife on her part released her right of dower in certain of his real estate and also released and discharged him of any and all obligations which she might claim by reason of their marriage relations. By a subsequent agreement in 1925 he agreed to pay her an additional amount of $100 per month and, if she survived him, the sum of $50,000 out of his estate. He died in 1943, whereupon his executors created the

trust fund of $75,000, taking from the trustee an agreement to refund any portion of the federal estate tax which the court might find to be due; the income from this fund is now being paid to her. Under the 1925 agreement the executors have also paid her the sum of $35,000, retaining the remaining $15,000 in order to protect themselves as to any estate taxes which she might be required to pay.

The executors paid a federal estate tax of $79,981.41. They then filed a petition in the orphans' court to have this sum apportioned in accordance with section 48.1 which was added to the Fiduciaries Act of June 7, 1917, P. L. 447, by the Act of July 2, 1937, P. L. 2762. That section provides that "Whenever it appears . . . that an executor, administrator, . . . trustee, or other person acting in a fiduciary capacity, has paid an estate tax, levied or assessed . . . under the provisions of any estate tax law of the United States heretofore or hereafter enacted upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred, or to whom any benefit accrues. Such proration shall be made by the orphans' court in the proportion as near as may be that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate. . . . For the purposes of this section, the term 'persons interested in the estate' shall . . . include all persons who may be entitled to receive or who have received any property or interest which is required to be included in the gross estate of a decedent, or any benefit whatsoever with respect to any such property or interest, whether under a will or intestacy, or by reason of any

transfer, trust, estate, interest, right, power, or relinquishment of power, taxable under any of the aforementioned laws, providing for the levy or assessment of estate taxes." The petition of the executors sets forth that the federal estate tax was composed of an item of $4,242.21 based on the proceeds of insurance and a retirement fund amounting to $19,795.39 received by the widow; an item of $10,715.91 attributable to the sum of $50,000 paid to her under the 1925 agreement; an item of $16,073.06 attributable to the trust fund of $75,000 set up for her under the 1916 agreement; and an item 'of $48,950.23, being the portion of the tax allocated to the decedent's net residuary estate of $228,403.95. The petition prayed that the orphans' court should prorate these taxes in accordance with the mandate of the statute. The court granted the petition and the widow now appeals from such proration with respect to the $50,000 item, and the Fidelity Trust Company, Trustee of the $75,000 fund, appeals from the proration with respect to that item. The item of $4,242.21 is not contested.

The Proration Act of 1937 does not conflict with the purpose of Congress regarding the federal estate tax; Congress intended that the tax should be paid out of the estate as a whole and that the applicable state law should govern its ultimate impact, the federal government not being interested in the distribution of the estate after the payment of the tax: *Riggs v. Del Drago,* 317 U. S. 95. The Proration Act does not itself enact tax legislation; it merely directs the apportionment of the estate taxes paid under the authority 'of other laws, federal and state, and facilitates their recovery from the persons liable. The doctrine of equitable contribution would apply and be enforceable by the orphans' court quite apart from any such statute: *Mellon Estate,* 347 Pa. 520, 534-536, 32 A. 2d 749, 756, 757; *Moreland Estate,* 351 Pa. 623, 632, 42 A. 2d 63, 67.

In attacking the proration of the federal estate tax made by the court below and seeking to be absolved from

liability for their proportionate share of the tax appellants rely upon the decision of this court in *Neller Estate,* 356 Pa. 628, 53 A. 2d 122, which held that the share of a decedent's estate due to his widow under a separation agreement is not subject to the Pennsylvania transfer inheritance tax since the payment made to the widow out 'of the estate is not in the nature of a legacy but is merely the liquidation of a debt. Appellants overlook the fact, however, that the federal estate tax law (Internal Revenue Code, 26 U.S.C.A. §812(b) ), which provides for the deduction from the value of the gross estate of all claims against the estate, further provides that "The deduction herein allowed in the case 'of claims against the estate, . . . or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. . . . For the purp'oses of this subchapter, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth.'" (cf. *Merrill v. Fahs,* 324 U. S. 308). Therefore, even if Mrs. Stadtfeld's status be that of a creditor of her deceased husband's estate for purposes of the state transfer inheritance tax, the controlling fact is that her claim under the separation agreements is not one deductible, under the federal estate tax law, from the value of his gross estate; both the item of $75,000 and the item of $50,000 constitute property "required to be included in the gross estate of a decedent under the provisions of any such law", that is, under the estate tax law of the United States. Indeed appellants admit that these sums were so included and that the federal estate tax was due thereon and properly paid; consequently the provisions of the Proration Act automatically apply and the process

of apportionment comes immediately into operation since the proration prescribed by the act is *mandatory* unless the testator "otherwise directs in his will". And, while the statute states that the proration is to be made "equitably", it also provides the exact formula for the method of proration, namely, "the proportion as near as may be that the value of the property . . . of each such person bears to the total value of the property . . . received by all such persons interested in the estate."

We come, then, to the question: Did Judge Stadtfeld "otherwise direct in his will"? The act creates a *presumption* that a testator intends that proration should be made in accordance with its terms unless his will contains a specific provision, clearly expressed, inconsistent with such presumption, and, to accomplish that result, his language must not be of doubtful import: *Harvey Estate*, 350 Pa. 53, 56, 57, 38 A. 2d 262, 263. Only in the 18th paragraph of Judge Stadtfeld's will is there any provision in regard to the payment of taxes; that paragraph provides: "I direct that all inheritance, estate, succession or similar duties or taxes which shall become payable in respect to any property or interest passing under my will or any codicil which I may hereafter execute, shall be paid out of the principal of my estate, without diminution of any devises, bequests or legacies." It would seem too clear for discussion that this provision is wholly silent with regard to estate taxes on property *not passing under the will* and therefore is not broad enough to cover property which, though not so passing, is subject to the federal estate tax because of its constituting part of the decedent's gross estate. It is argued by appellants that when Judge Stadtfeld wrote his will in 1928 the statute was not in existence which, when subsequently enacted, provided that the widow's claim under a separation agreement such as that in the present case was not a deductible item from the value of her husband's gross estate, and naturally,

therefore, he did not provide, as he otherwise might have done, against the estate tax being prorated so as to fall in part on the property passing to his wife under their separation agreements. This argument loses its entire force, however, in view of the fact that after the enactment of the federal law which did so provide (Act of June 6, 1932, c. 209, §804, 26 U.S.C.A. 812(b)), and after the enactment of the Proration Act of 1937, the testator added several codicils to his will, the last being as recent as 1942, a little more than a year before his death, and in none of them did he make any direction contrary to the provisions of the Act. That a direction in a will which applies only to the payment of the taxes on the legacies and devises therein has no significance or effect in regard to the payment of the taxes on extra-testamentary property was held in our own recent case of *Moreland Estate,* 351 Pa. 623, 631, 632, 42 A. 2d 63, 66, 67, and there are several decisions in New York to the same effect: *Kaufman's Estate,* 10 N.Y.S. 2d 616, 620-622; *Pennock's Estate,* 14 N.Y.S. 2d 131, 140, 141; *Chase National Bank v. Tomagno,* 14 N.Y.S. 2d 759, 761; *Ryan's Estate,* 36 N.Y.S. 2d 1008, 1010, 1011, aff. 41 N.Y.S. 2d 196; *Mills' Estate,* 64 N.Y.S. 2d 105, 108-112, aff. 70 N.Y.S. 2d 746. Cf *Farmer's Loan & Trust Co. v. Winthrop,* 238 N.Y. 488, 144 N.E. 769. Appellants rely solely upon *Brokaw's Will,* 293 N.Y. 555, 59 N.E. 2d 243, where it was held (by an almost evenly divided court) that the testator in that case expressed an intention in his will that no part of any death taxes which might be levied against his estate should be apportioned against funds of an inter vivos trust which he had created for the benefit of his wife and child in pursuance of a separation agreement; the will directed that "all inheritance, transfer, estate and similar taxes, federal and state, be paid out of the residuum of my estate and be not charged against any legatee, devisee, heir or next-of-kin." It is thus obvious that the prescribed exoneration

from taxes was not only as to legatees and devisees, but as to any *"heir or next-of-kin"*, thereby including the extra-testamentary provision for the testator's child and wife (*Barnard Estate*, 351 Pa. 313, 314, 315, 41 A. 2d 578, 579; 29 C.J. 301, §16) who were the beneficiaries of the inter vivos trust. On the contrary, the provision in Judge Stadtfeld's will is expressly limited to property passing to legatees and devisees under the will.

There is no merit in appellants' contention that the application of the Proration Act impairs the obligation of the contracts between Judge Stadtfeld and his wife. It is elementary that every contract is made with knowledge of the fact that the rights thereunder may be taxed by the sovereign power, and whatever obligations were assumed by the Judge in the agreements with his wife remain unimpaired notwithstanding the subsequent imposition of the federal estate tax and its apportionment under the Act of 1937: 12 Am. Jur. 67, §430; *Moreland Estate*, 351 Pa. 623, 632, 42 A. 2d 63, 67; *Ryle's Estate*, 10 N.Y.S. 2d 597, 603, 604; *Scott's Estate*, 286 N.Y.S. 138, aff. 274 N.Y. 538, 10 N.E. 2d 538, cert. den. sub nom. *Northwestern Mutual Life Insurance Co. v. Central Hanover Bank & Trust Co., Executors*, 302 U.S. 721. Nor is there any greater merit in appellant's suggestion that there was a contractual obligation on his part to pay any taxes that might thereafter be imposed upon the payments to be made to his wife or on the trust fund to be established. A contract to pay a stipulated sum of money carries with it no implied duty to pay taxes thereon, present or future; to create such a duty there must be an express agreement to that effect. Judge Stadtfeld was under no more liability to pay the estate tax upon the property received by his widow than he was to pay her income taxes on the annual payments he made to her during his lifetime. By a change made by an Act of Congress in 1942, which amended the Internal Revenue Code by adding paragraph (k) to section 22 (26 U.S.C.A.

§22(k)), alimony payable under a judicial decree, as well as amounts paid under voluntary agreements for support, were made taxable to the spouse receiving the payments and deductible by the spouse making them; could it possibly be held that, because of such amendment the spouse making the payments would be legally obligated to add to them an additional sum equal to the amount of the tax thus imposed? It is to be borne in mind, of course, that the estate tax imposed upon the $50,000 and $75,000 items of property were imposed by the federal law and allocated thereto, not by Judge Stadtfeld, but by the mandate of the State Proration Act, and in the agreements which he entered into with his wife there is neither an express provision nor even the shadow of an implied one that if, as subsequently happened, those payments should be subjected to a tax, he would relieve his wife of the consequent burden and himself assume the obligation thereof.

Decree affirmed; costs to be paid by appellants.

---

DISSENTING OPINION BY MR. JUSTICE ALLEN M. STEARNE:

The majority of this Court has decided that a *creditor* of an estate is required to pay an *inheritance tax* upon the amount which she receives *in payment* of her claim.

In *Neller Estate,* 356 Pa. 628, 53 A. 2d 122, we decided that a spouse *was a creditor* under a postnuptial settlement agreement. What a spouse gives up under such an agreement represents *"money or money's worth"*. It is true that under the Federal Estate Tax Act such a deduction is *not* allowable. Such an obligation is not regarded under Federal law as being based upon "money or money's worth". See citation of authorities in dissenting opinion of Mr. Justice JONES in the *Neller* case.

Judge Stadtfeld and his wife made a valid postnuptial agreement. After his death his executors paid a

Federal estate tax of $79,981.41. In the adjustment of the Federal estate tax no allowance was permitted for the payment of *Judge Stadtfeld's debt*. The executors applied to the orphans' court to have the tax apportioned in accordance with section 48.1 of the Pennsylvania Act of July 2, 1937, P. L. 2762, 20 PS, 844. This section is quoted in full in the majority opinion. Apportionment of the Federal tax is permitted among *distributees* of an estate where any *"property"* of a decedent is required to be included in the gross estate. The tax is *"prorated among the persons interested in the estate to whom such property is or may be transferred, or to whom any benefit accrues."* "Persons interested" are defined in the act as persons who have received *"any property or interest* which is required to be included in the gross estate" (emphasis supplied).

The Orphans' Court of Allegheny County in an opinion by Judge BOYLE decreed apportionment. President Judge TRIMBLE dissented. This appeal followed.

Had this Court adopted the decision of the Federal Courts and held that Mrs. Stadtfeld was *not* a creditor the majority's view would have been correct. But we did not. We decided Mrs. Stadtfeld *was* a creditor. Being a creditor Mrs. Stadtfeld is *not* "a person interested in the estate." She receives no "property" or "estate" of decedent. As a *creditor* she is only interested in the repayment of her *debt*. The *estate*—what is left for distribution—passes under testator's will in which Mrs. Stadtfeld is not interested. To require a creditor to take less than the amount of her debt impairs the obligation of a contract and is unconstitutional. Furthermore, such a construction relates to a *"spouse creditor"*—i. e., not to *all* creditors—and is thus also unconstitutional because clearly discriminatory.

I agree with the dissent of President Judge TRIMBLE and would reverse the decree of the court below.

Mr. Justice PATTERSON joins in this dissent.