## Lucey Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*John J. Sullivan*, for petitioner.

*H. E. Potter* and *Frank A. Moorshead*, for respondents.

LADNER, J., June 25, 1948.—This matter came before the court on petition and answer.

The executors under the will of John A. Lucey, deceased, filed a petition under the Act of July 2, 1937, P. L. 2762, 20 PS §844, asking this court to enter an order of tax proration against the beneficiaries of two life insurance policies of $10,000 each, on decedent's life and paid to them directly, and against the trustee of an inter. vivos trust of $15,000, all of which were included in decedent's gross estate by the Federal taxing authorities under the circumstances hereinafter related. Citation was allowed on said petition and an answer filed by one of respondents admitting the basic facts but denying petitioner's right to proration on the ground that the tax clause in the will operated to relieve them from payment of any part of the tax in question. The other respondents, by stipulations filed, agree to be bound by our decision on the petition and answer filed.

The petition avers that upon return made of the testamentary estate, they paid the United States collector a tax of $59,915.90, which was claimed by him to be insufficient. As a result of proceedings terminating in the United States Tax Court, part of taxpayer's contentions were sustained but on the other hand the tax base was broadened so as to include in decedent's gross taxable estate the two $10,000 insurance payments to respondents and the corpus ($15,000) of an inter vivos trust created on January 22, 1943. The Tax Court then fixed a deficiency of tax in the sum of $5,645.91. This the executors have not as yet paid, but ask, in effect, a proration judgment based on this deficiency.

Respondents claim that they are exempted from any payment of such tax by reason of the following tax clause of the will, viz.:

"Eighth, I direct that all inheritance, succession or transfer taxes or taxes in the nature thereof, be deducted from my residuary estate before or at the time of the settlement of my executors' account of the administration."

In Stadtfeld Estate, 359 Pa. 147 (1948), Mr. Justice Horace Stern recently said:

". . . The act (i. e., Act of 1937) creates a *presumption* that a testator intends proration should be made in accordance with its terms unless his will contains a specific provision, clearly expressed, inconsistent with such presumption, and, to accomplish that result, his language must not be of doubtful import: Harvey Est., 350 Pa. 53, 56, 57. . . ."

The fact that testator's will was dated in 1938, and a codicil was made in 1942—both *after* the Apportionment Act of 1937—is not without significance, id. We are all of the opinion that testator did not clearly direct in his will that the Apportionment Act was not intended to apply. The clause relied on to exempt the nontestamentary estate mentions Federal taxes neither

by name or description. The words used, viz., "inheritance, succession or transfer" taxes are customarily understood to mean State taxes imposed on the beneficiaries and payable by them unless relieved by such a clause as here used, whereas the Federal estate tax is a tax imposed on the net estate. See Ely's Estate, 28 D. & C. 663; Newton's Estate, 74 Pa. Superior Ct. 361, where the distinction was clearly discussed and enlarged upon.

We agree with what Judge Hunter said in his recent adjudication in Kyles' Estate, 2292 of 1947, that generally "some reference to extra-testamentary property is necessary to render the tax clause applicable". Such reference was found in the word "estate" in the tax clause construed in Crooks' Estate, 36 D. & C. 58; Prifer's Estate, 53 D. & C. 103, and Reed's Estate, 45 D. & C. 628, but that word is not present in the tax clause here.

The learned counsel for respondents argues that the Federal tax is a "transfer tax" because section 810 of the Internal Revenue Code provides that it is a tax imposed upon the transfer of the net estate of every decedent, but his citation of the Treasury Regulation, No. 105, sec. 81.2, which states "The Federal Estate tax is neither a property nor an inheritance tax. It is imposed upon the transfer of the entire net estate and not upon any particular legacy, devise or distributable share", defeats his argument, for as said before in this jurisdiction the tax on legacies and devises is customarily referred to as a transfer tax in contradistinction to an estate tax: Ely's Estate, supra. In any event, to interpret the adjective "transfer" as including what is commonly called the Federal Estate tax would render the word "transfer" a word of doubtful import on which the exemption claimed cannot rest: Harvey's Estate, supra.

We conclude, therefore, following our own precedent in Ely's Estate, supra, and the reasoning of

648

Moreland Estate, 351 Pa. 623, Reed's Estate, 45 D. & C. 628, and Glafelter's Estate, 60 York 77, that respondents are subject to proration.

We cannot, however, make any order of proration in this case because the deficiency tax assessed has not actually been paid and payment is an indispensable prerequisite under the plain language of the Proration Act of 1937, supra, if not of the jurisdiction of this court: Cardeza's Estate, 51 D. & C. 461 (1944).

In the circumstances we must refuse the order. Having indicated our construction of the tax clause, if respondents do not amicably agree to pay their pro rata share of tax, the executors are given leave to file an amended petition after payment of the tax deficiency.