## Biddle Estate

*Wright, Mauck, Hawes & Spencer* and *Nesbit, Morris & Pugh,* for accountants.

*Gilbert Smith, Richard S. Lowe, Harold Tull* and *Joseph P. Gaffney,* for beneficiary.

*Anthony L. Differ,* trustee ad litem.

VAN RODEN, P. J. (specially presiding), February 17, 1955.—Decedent died April 15, 1952, survived by neither spouse nor issue.

By her will, decedent bequeathed a legacy of $10,000 unto her godson, Carl G. Sidle (made certain dispositions of her personal effects, burial lot, and the right to use and occupy certain real estate, which are not important with respect to the present controversy), and devised and bequeathed her residuary estate in trust to set apart a one-fifth share thereof or the sum of $100,000, whichever is greater, and to hold same in separate trust for the payment of net income unto her nephew, Farid T. Ibriham, for life, conferring upon him a power of appointment by will over the principal (excepting that he may not appoint unto his estate, his creditors or to the creditors of his estate), and to divide the balance of the principal into four equal parts for the payment of net income respectively unto four specifically named nieces and nephews of decedent's late husband, for his or her respective life, conferring upon each such beneficiary the power of appointment by will over his or her respective share of principal (with a similar prohibition against appointment in favor of such beneficiary's estate, creditor or creditors of the estate), as more fully set forth in decedent's will.

In addition to the aforementioned legacy of $10,000 Carl G. Sidle is the outright beneficiary of a portion of the proceeds of two Equitable life insurance policies,

amounting to approximately $3,923.95, which sum is not subject to the Pennsylvania transfer inheritance tax but is subject to Federal estate tax. The court has been requested to construe decedent's will in order to determine whether the accountants have the right to withhold distribution of the $10,000 legacy until the Federal estate tax attributable to the aforementioned life insurance proceeds has been paid by the beneficiary to the executors.

Farid T. Ibriham, beneficiary of the trust under decedent's will as aforesaid, is also beneficiary of three special life insurance annuities or single premium policies (policies nos. 9,171,911 and 9,171,912 of the Equitable Life Assurance Society and policy no. 957-NW-50 of Travelers Insurance Company). By virtue of the policies Farid T. Ibriham receives regularly monthly payments commencing upon decedent's death and continuing until his own death. The value of the three policies for Federal estate tax purposes is in the aggregate amount of $72,728.05, which figure has been included in the Federal estate tax return. The court is informed that Federal estate taxes in the amount of $203,101.69 have already been paid upon a net estate of $728,398.38, but the Federal estate tax return has not yet been audited and it is possible that the amount of the net taxable estate may be increased due to a revision upward of the value of stock in closely held corporations included in the estate. However, the tax attributable to the above-mentioned insurance contracts will be substantial in amount, probably between $30,000 and $40,000. The court has been requested to construe decedent's will in order to determine whether income payments under the trust should be withheld from Farid T. Ibriham until proper arrangements have been made for the payment by the beneficiary to the executors of the Federal estate tax attributable to the insurance contracts.

It is noted that three other persons: Anna Nash, who received $2,000 from the proceeds of two Equitable Life Assurance policies; John D. Mason, who received one half of the remainder of the proceeds of the policies, and E. Z. Shick, who received the entire proceeds of Penn Mutual Life Insurance policy no. 631,400 amounting to $4,237.05, are not beneficiaries under decedent's will.

In decedent's will she expressly provided for the payment out of principal of her general estate of all inheritance and estate taxes on property passing thereunder, employing the following language:

"I direct that all estate, inheritance and succession taxes on property passing under this my Will shall be paid out of the principal of my general estate to the same effect as if said taxes were expenses of administration, and all legacies, devises and other gifts of principal and income made by this my Will, or by any Codicil hereto, shall be free and clear thereof. In the absolute discretion of my Executors, they may pay such taxes immediately or they may postpone the payment of taxes on future or remainder interests until the time possession thereof accrues to the beneficiary."

In Stadtfeld Estate, 359 Pa. 147 (1948), where almost identical language in a will was involved, the Supreme Court held that such provision was not applicable to Federal estate taxes on property not passing under the will but nevertheless included as part of the estate for Federal estate tax purposes.

Accordingly, with respect to Carl G. Sidle, this court is bound by the decision of the Supreme Court in the Stadtfeld case and we are therefore required to hold that the executors may not pay out of decedent's residuary estate the Federal estate taxes allocable to the life insurance proceeds payable to the beneficiary, but he must bear the burden thereof individually. Ac-

cordingly, the award of the legacy of $10,000 will be subject to deduction for his proportionate share of contribution toward the Federal estate tax allocable to the life insurance proceeds.

With respect to Farid T. Ibriham, however, a most inequitable result would attend the withholding of income payments from the trust created for his benefit until he personally makes contribution of the very substantial proportionate share of Federal estate tax attributable to the annuities payable to him. The annuities payments total approximately $3,426.12 per annum. Accordingly, if the beneficiary is required to pay Federal estate tax amounting to possibly as much as $40,000, it may be at least 10 years before he will enjoy any income from the trust. It is inconceivable that testatrix intended such a harsh result.

Section 2 of the Estate Tax Apportionment Act of August 24, 1951, P. L. 1405, 20 PS §882, provides for equitable apportionment of estate tax in the following language:

"Estate tax, except as provided in subsection (a) of section three, shall be apportioned equitably, as near as may be in accordance with the principles hereinafter stated, among all persons interested in property includible in gross estate, whether residents or non-residents of the Commonwealth, and they shall pay the amounts apportioned against them."

Prior to the enactment of the Act of 1951, the Supreme Court of Pennsylvania held that the equitable principle of contribution is enforced in this Commonwealth on principles of natural justice: Mellon Estate, 347 Pa. 520 (1943).

A careful reading of decedent's' will, taken as a whole, clearly indicates that Farid T. Ibriham, who was her nearest relative, was the primary object of her bounty. Decedent was concerned over the amount of income payable to him and provided that such income

should be paid from a minimum fund of $100,000. In the event that a one-fifth share of her residuary estate is less than $100,000, then the other four residuary income beneficiaries will be faced with a proportionate reduction in their respective trust funds with corresponding income reduction. It is thus apparent that decedent intended Farid to be preferred over her husband's nieces and nephews. It is also clear that in the disposition of the proceeds of her insurance contracts, decedent intended Farid to receive greater benefits than the other beneficiaries.

We cannot direct payment of proportionate share of estate tax out of the general residuary estate, by reason of the required construction of paragraph 8 of the will. See Stadtfeld's Estate, supra. Nevertheless, we cannot in good conscience require Farid to be deprived of any income from the trust until he shall have contributed the proportionate share of Federal estate tax in full. He is not in financial position to make outright contribution in full at this time, and it would take many years for the trust income to accrue sufficiently for such purpose, as above noted.

In the opinion of the court, the most equitable course under the circumstances of this particular case is to require apportionment of the tax against the principal of the trust set up for Farid T. Ibriham. This will avoid the unfairness of charging against the other beneficiaries taxes on property in which they have no interest whatsoever, will also avoid the cessation of income to Farid T. Ibriham for a long period of years, and will impose the tax on a fund created for the benefit of Farid T. Ibriham in his lifetime and for the persons designated by him in his will. This solution will not only be just and equitable as between all parties in interest but will also probably conform to the real wishes and intentions of testatrix.

Accordingly, the share of residuary principal to be awarded in trust for the benefit of Farid T. Ibriham (being a one-fifth share or $100,000, whichever is greater) will be awarded subject to deduction out of the principal of the trust fund for his proportionate share of contribution toward Federal estate taxes properly allocable to the beneficiary by virtue of the extra-testamentary dispositions in his favor.

With respect to the proportionate share of estate tax attributable to the other beneficiaries of insurance policies who are not also beneficiaries under decedent's will, the accountants will be required to collect such contribution in the manner provided by law.