184 So.2d 762 (1966)
SUCCESSION OF Mrs. Blanche JARREAU, Mrs. Jane Wilson Smith, et al., Plaintiffs and Appellees,
v.
SUCCESSION OF Mrs. Blanche JARREAU, Mrs. Nancy Ann Stone Crow, Testamentary Executrix, Defendant and Appellant.
No. 1665.
Court of Appeal of Louisiana, Third Circuit.
March 22, 1966.
Rehearing Denied April 19, 1966.
Writ Refused May 19, 1966.
*763 Stockwell, St. Dizier, Sievert & Viccellio, by James R. St. Dizier, Lake Charles, for defendant-appellant.
Provosty, Sadler & Scott, by R. B. Sadler, Jr., Alexandria, for plaintiffs-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
FRUGE, Judge.
The question presented before this court on appeal is whether the federal estate and state inheritance taxes should be apportioned among the particular legatees, appellees, named in the last will and testament (duly probated and ordered executed) of the deceased, or borne entirely by the residuary estate.
The rules were tried on a stipulation and the district judge rendered written reasons for his opinion in favor of the particular legatees and against the residuary estate. The lower court held that the dispositive language of the will clearly expressed deceased's desire that the legacies to the particular legatees should pass free of federal estate and state inheritance taxes. The lower court stated it would not resort to consideration of the circumstances to aid in the discovery of the decedent's intention when her intention was shown by clear and unequivocal language in her last will and testament. The testamentary executrix was ordered to deliver to the appellees, the particular legacies (shares of stock in McCormick & Company) properly endorsed and free from the payment of Louisiana inheritance and federal estate taxes. The executrix has appealed from this judgment.
Decedent's last will and testament, after the usual preamble, provides as follows:
"I give and bequeath to my beloved niece, Mrs. Grace George, born Fuqua, of Sanfrancisco, California, Fifteen Thousand and No/100 ($15,000.00) Dollars.
"I give and bequeath to Mrs. Nancy Ann Stone Crowe, wife of Marvin W. Crowe, the sum of Twenty-five Thousand and No/100 ($25,000.00) Dollars.
"I give and bequeath to my beloved nephew, Jack Walton Adams, all of my flat silver.
"I give and bequeath to Robert Stone Crowe of Lake Charles, Louisiana, Fifteen Thousand and No/100 ($15,000.00) Dollars.
"I give and bequeath to my friends, George B. Marshall and Frank T. Brame, Sr., the sum of Five Thousand and no/100 ($5,000.00) Dollars each.
"I give and bequeath to Mrs. Myrtle Huie Dellmon one hundred seventy-seven (177) shares of my McCormick & Company Town Talk stock, one hundred and seventy-seven (177) shares of the same stock to Mrs. Jane Wilson Smith, and one hundred seventy-eight (178) shares of said stock to Mrs. Sulma Jarreau O' Quinn.
"The balance of my estate after the payment of estate and inheritance taxes, I give to my niece, Mrs. Nancy Ann Stone Crowe, wife of Marvin W. Crowe."
The federal statutes provide that the estate taxes be levied upon the whole net estate transferred from the deceased but do not provide for apportionment except to named beneficiaries of life insurance policies and properties subject to powers of appointment. The Federal estate tax, therefore, is a charge against the deceased's whole estate and is imposed upon the transfer of the entire net estate and not on any particular legatee except when the testator directs an apportionment of said taxes on various legacies. Succession of Henderson, 211 La. 707, 30 So.2d 809. The Louisiana "Estate Tax Apportionment Law" (Act 362 of 1960, LSA-R.S. 9:2431 et seq.) provides for apportionment *764 of tax liability among parties at interest in the estate:
LSA-R.S. 9:2432 provides:
"A. If the deceased has made no provision in his testament for the apportionment of the tax among the persons interested in the estate, the tax shall be apportioned among them by the court in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for this purpose.
"B. If the deceased has provided in his testament for the apportionment of the tax among all the persons interested in the estate, the court shall apportion the tax as directed by the deceased.
"C. If the deceased has provided in his testament for the apportionment of the tax of some, but not of all the persons interested in the estate, the amount of the tax which has not been apportioned shall be apportioned by the court among those as to whom no provision has been made, in the same manner as is provided in Sub-section A of this Section."
Thus the issue before this court is whether the provision in the will, "The balance of my estate after the payment of estate and inheritance taxes, I give to my niece * * *" operates as a directive against the apportionment of the Federal estate and state inheritance taxes so not to make each particular legatee liable for her appropriate share of state and federal taxes.
A testator may circumvent the rule of apportionment as provided by LSA-R.S. 9:2432 et seq., by a clear and unequivocal order directing the apportionment of federal and state inheritance taxes to be paid in the particular manner that he so desires.
In Succession of Jones, La.App. 4 Cir., 172 So.2d 312 (writs refused), the only case directly involving apportionment of taxes prior to the present litigation, the testator, after bequeathing certain particular legacies, provided that a certain charitable foundation was to receive one-third of his net estate after the payment of all debts, federal estate taxes and Louisiana inheritance taxes and after payment of the special bequests made in the will by the testator. Following the foregoing provision, a special legacy of $50,000 was left to the testator's lifelong friend. The executrix claimed the $50,000 legacy was payable only after the deduction from it of the appropriate share of the estate and inheritance taxes.
The appellate court sustained the district court's ruling that the $50,000 legacy was free of taxes by the following language:
"The rule of apportionment provided by LSA-R.S. 9:2432 must be followed unless the testator has made provisions in the will for the apportioning of the tax among the persons interested in the estate in the manner he desires."
* * * * * *
"The only requirement is that the will sufficiently express an intention that the tax burden shall be changed. A few simple words may suffice to indicate the intent and effectuate the purpose. Starr v. Watrous (1933) 116 Conn. 448, 165 A. 459. See also Re Johnson's Estate (1935) 220 Iowa 424, 262 N.W. 811; State v. Norval Hotel Co. (1921) 103 Ohio St. 361, 133 N.E. 75, 19 A.L.R. 637; [In re] Brown's Estate (1902) 12 Pa.Dist. 123, aff'd 208 Pa. 161, 57 A. 360."
* * * * * *
"It seems reasonable to suppose that if it had been the testator's intention that there be an apportionment of the federal tax in accordance with the Louisiana statute and that the particular legatees were to bear the state inheritance tax to the extent it affected the legacies of each, any reference to taxes surely would have been omitted from the will. If no *765 reference to taxes had been made, the executors would have been bound by the terms of the federal statute to pay the estate tax routinely, since no direction for payment was necessary. As to the Louisiana inheritance tax, the testator knew that the amount due on each legacy is fixed summarily by rule before the court having jurisdiction of the succession and that his executors would be required to pay the tax collector the amount so fixed (LSA-RS 47:2407), all without his direction. The fact that the testator directed payment of taxes, when he need not have mentioned taxes, can only lead to the conclusion we have already reached that the succession was to absorb the taxes, which amounts to a direction against apportionment."
As the decedent's last will and testament is written, it can be presumed that the testatrix knew that the federal estate tax is a tax upon the transfer of her estate to her heirs, and the state inheritance tax is a tax levied on her legatees, heirs or donees. The state inheritance tax is a tax on the right to inherit from a decedent's estate. We believe it is reasonable to presume that if the testatrix had intended an apportionment of the taxes in accordance with R.S. 9:2431 et seq., so that the particular legatees were to share the burden of the taxes to the extent of affecting their legacies, the provision of how the taxes were to be paid would have been omitted from the will and no mention of the state inheritance and federal estate taxes would have been made. If no reference to taxes had been made by the testatrix, the taxes, both federal and state, would have been paid routinely by the executrix. The fact that the testatrix, by clear, unequivocal language, directed the payment of the taxes when she need not have, leads this court to the conclusion, as in the Jones case, supra, that the residuary estate was intended by the testatrix to absorb the taxes. The executrix (the residuary legatee) would have us treat the provision in the will as mere surplusage and close our eyes to it completely.
LSA-C.C. Arts. 1712-1729 are the guidelines we must follow in interpreting testaments. Among the cited codal articles, the following have particular importance in this case:
Art. 1712: "In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament."
Art. 1713: "A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none."
Art. 1715: "When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention."
The duty of the court in the interpretation of a testament was clearly outlined in the Succession of Blue, La.App. 4 Cir., 126 So.2d 195:
"The function of the court is to construe the will as written, to interpret what the testatrix said, not what we think she meant to say, and to give effect only to the express and not to the conjectural or probable intention of the testatrix. Succession of Montegut, 217 La. 1023, 47 So.2d 898; Succession of Price, 202 La. 842, 13 So.2d 240. We must give effect only to what is indicated by the language used in the will and restrict ourselves to this language itself when the intention of the testatrix can be ascertained therefrom. LSA-Civil Code Arts. 1712, 1715; Succession of Simo, 205 La. 592, 17 So.2d 889."
We must agree with the trial court that it is the duty of the courts to give meaning to the entire will. Had the testatrix not intended the taxes to be paid *766 by the residual estate, then she need not have made reference to how the taxes were to be paid in her will. Since she did indicate how the taxes were to be paid, as did the testator in the Jones case, in clear and unequivocal language, with the obvious purpose of directing her executrix to pay all the federal estate and state inheritance taxes from the bulk of the estate so that the particular legacies would not be taxed.
Appellant, by supplemental brief, has attempted to distinguish this case from the Jones case by calling attention to the provision in the Jones will that provided for the payment of debts and the payment of taxes, while in the will before us there is no provision for the payment of debts (expenses and administration expenses). It is the appellant's argument that since the testatrix's will contained no directive whatsoever for the payment of expenses and administration costs, then the testatrix must have concluded that the residuary legatee would pay all such debts, and since she did not include a directive that the taxes should be paid from the same source, such an intention cannot be presumed. Appellant bases this argument as the distinguishing factor between the Jones case and the present case, and based on this argument it is their contention that the taxes should be apportioned among the particular legatees.
Although this contention is rather difficult to follow, suffice it to say that under the law of this state a particular legatee is not responsible for debts or administrative expenses of the succession unless the residue (which is not the case herein) of the estate is inadequate to pay such debts and charges. LSA-C.C. Arts. 1634-1643, Succession of Peters, 192 La. 744, 189 So. 122. Since the law provides from where the debts and administrative expenses are to be taken, there was no necessity for such a provision in the testatrix's will. However, if the testatrix desired that the particular legacies not be taxed proportionately under LSA-R.S. 9:2432, then she had to make a special provision that the residuary estate was to pay all taxes, and that, in the opinion of this court, is exactly what she did.
For the above and foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are to be paid by the executrix.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.