John D. Bennett, S.
In this accounting proceeding the special guardian has requested a construction of paragraph “ Seventh ” of the will relating to the apportionment of estate taxes.
Paragraph “ Seventh ” reads as follows: “ I direct that all estate taxes for which my estate may be responsible shall be paid out of my general estate.”
It is the special guardian’s contention that the above clause is not a clear and unambiguous direction against apportionment *542 of estate taxes attributable not only to nontestamentary assets but also to testamentary assets. The executrix, on the other hand, has taken the position that all estate taxes, including those attributable to nontestamentary assets, are not to be apportioned and are payable from the residuary estate.
In the absence of a clear and unambiguous direction to the contrary in a will, apportionment of estate taxes pursuant to section 124 of the Decedent Estate Law will be directed and those seeking to obviate such apportionment bear the burden of proof (Matter of Shubert, 10 N Y 2d 461; Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012).
The testatrix’ reference to the payment of “ estate taxes for which my estate may be responsible ”, without any indication as to what was intended to be encompassed in the term ‘ ‘ my estate ”, requires a holding that there is no clear and unambiguous direction against apportionment in relation to estate taxes attributable to nontestamentary assets (Matter of Schneider, 49 Misc 2d 493).
The special guardian’s contention that paragraph “ Seventh ” not only fails to exonerate nontestamentary assets from apportionment but also preresiduary bequests is based upon his conclusion that the term “ general estate ” employed in paragraph “ Seventh ” is unclear and not coextensive with “residuary estate ”. Adopting his construction, however, would make the tax exoneration clause meaningless, a result which should be avoided (Matter of Jaret, 44 Misc 2d 262, affd. 24 A D 2d 479, affd. 17 N Y 2d 450). If the tax clause is to have any significance whatsoever, the reference to “ general estate ” has meaning only if equated with “ residuary estate ”. This construction finds support in Matter of Mills (supra) and in a number of cases which have followed it (Matter of Becher, 204 Misc. 523; Matter of Reid, 193 Misc. 154; Matter of Whitman, 125 NT. Y. S. 2d 165; Matter of Bayne, 31 Misc 2d 296; Matter of Chambers, 54 N. Y. S. 2d 88).
Accordingly the court holds that estate taxes attributable to the preresiduary bequests are payable from the residuary estate.
The account is directed to be amended to reflect the determination herein made.