In the Matter of the ESTATE of William A. HILLIAR, Deceased.

Harlan ZERBE et al., Appellants,

v.

Florence EGGLESTON et al., Appellees.

No. 4068.

Supreme Court of Wyoming.

June 29, 1972.

Leonard E. Lang, Casper, for Harlan Zerbe and Leatha Zerbe, appellants.

Jack R. Gage, of Hanes, Carmichael, Johnson & Gage, Cheyenne, for Fred Stockham and Matilda Stockham, appellants.

Morris R. Massey, of Brown, Drew, Apostolos, Barton & Massey, Casper, and Dawson, Nagel, Sherman & Howard, Denver, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

McINTYRE, Chief Justice.

In connection with the estate of William A. Hilliar, deceased, the judge of the district court determined that the federal estate tax must be apportioned among all legatees and devisees in accordance with the provisions of the Uniform Estate Tax Apportionment Act (§§ 2–336 to 2–346, W.S.1957, 1971 Cum.Supp.). Harlan Zerbe, Leatha Zerbe, Matilda Stockham and Fred Stockham, as members of a class of beneficiaries, have appealed from such determination.

The Hilliar will contained the following bequest to Hilliar's wife:

"SECOND: In the event that my wife, Emma N. Hilliar, survives me, I give,

devise and bequeath unto her one-half of my adjusted gross estate as determined for Federal Income [1] Tax purposes, as her whole and separate property."

Following the bequest to his wife, Hilliar bequeathed the residue of his estate (after expenses and obligations) to these beneficiaries:

Florence Eggleston .............25%
Ellen Tucker ...................25%
Helen Ducker ..................15%
Betty Woods ...................15%
Trinity Lutheran Missouri
  Synod Church, Casper, Wyoming 20%

The will then provided:

"In the event that my wife, Emma N. Hilliar, should predecease me, then it is my will that one-half of my adjusted gross estate, which my said wife otherwise would have received from me, I give devise and bequeath as follows:

| | |
|---|---|
| Dorothy Ironfield | $2,000 |
| Louise W. Anderson | $2,000 |
| Billy Graham | |
|   Evangelistic Society | $6,000 |
| Cal Farley, Boys Ranch | |
|   Amarillo, Texas | $6,000 |
| Wyoming Society for | |
|   Crippled Children | $10,000 |
| Matilda Stockham and | |
|   Fred Stockham, jointly | $60,000 |

"All of the rest, residue and remainder of the amount which my said wife otherwise would have received had she survived, I give devise and bequeath, unto Robert L. Zerbe and Carol Zerbe, and to Harlan Zerbe and Leatha Zerbe, in equal shares."

Section 2–338 of the apportionment act provides:

"Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment shall be made in proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax shall be used for that purpose."

■ Because testator Hilliar bequeathed to his wife "one-half of my adjusted gross estate" as determined for federal estate tax purposes, appellants argue he thereby provided for his wife not to be charged with any of the estate tax. Thus, according to the argument, the tax should not be apportioned among all persons interested in the estate because the will otherwise provided.

The argument is indeed unique but unpersuasive. In § 2–337(a) of the act, the word "estate" is expressly defined as the gross estate of a decedent as determined for the purpose of federal estate tax. Therefore, when the testator bequeathed to his wife one-half of his adjusted gross estate as determined for federal estate tax purposes, we can only assume he meant to bequeath to her one-half of his "estate."

In the portion of the will which has to do with the situation in the event the testator's wife predeceases him, he divided into several bequests "one-half of my adjusted gross estate * * *." The phrase, "which my said wife otherwise would have received from me," is nothing more than a parenthetical or explanatory phrase explaining which one-half of his estate the testator was referring to.

Here again, in view of the definition of "estate" in § 2–337(a), it is clear the testator was simply disposing of one-half of his estate. Likewise, the bequest of the residue of that particular half to the Zerbes can only mean the residue in the half of his estate which had been designated for his wife if living.

Without belaboring the matter, it is sufficient for us to say we simply find no

1. All parties to the appeal agree the testator intended to say Federal Estate Tax rather than Federal Income Tax.

language in Hilliar's will which would provide that the federal estate tax shall not be apportioned among all persons interested in the estate. Under the circumstances, it would be futile for us to speculate and try to imagine what the testator might have preferred with respect to the federal tax. Section 2–338 is clear and unambiguous. It requires apportionment if the will does not otherwise provide; and Hilliar did not otherwise provide.

■ We made it clear in In re Ogburn's Estate, Wyo., 406 P.2d 655, 657–658, that a directive against apportionment should be expressed in clear and unambiguous language.[2] Also, we held in *Ogburn's Estate* that the burden of establishing a basis for nonapportionment rests upon those contending against the statute.

■ There is no clear and unambiguous directive in Hilliar's will against apportionment; and appellants have failed to sustain their burden of showing that such directive has been *expressed*.

In Taggart v. United States, D.C.Wyo., 306 F.Supp. 430, 431, aff. 10 Civ., 430 F.2d 1388 (1970), it was said if a will does not provide for apportionment of the federal tax and does not clearly direct against apportionment, then the tax will be apportioned.

In the absence of clear and unambiguous language in the Hilliar will directing against apportionment of the federal estate tax, we must hold the district court was right in apportioning the tax in proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate.

Affirmed.

Justice McEWAN, concurring.

I concur in the result because I do not believe the paragraph "SECOND"[1] said or can be reasonably interpreted to have said that the wife was to receive one-half of the estate free from the burden of taxes. The most that can be said for this paragraph is that it identifies the estate of which the wife was to receive one-half. There are at least two estates which come to mind, one being the probate estate, and one being the adjusted gross estate as determined for federal estate tax purposes. These estates may or may not be identical. The estate as determined for federal estate tax purposes may be larger than and include more properties than the probate estate. In fact, there may be an "estate" for federal estate tax purposes and no probate estate. The act recognizes this possibility and provides at § 2–339(a), W.S. 1957 (1971 Cum.Supp.).

" * * * If there are no probate proceedings the probate court of the county wherein the decedent was domiciled at death upon the application of the person required to pay the tax shall determine the apportionment of the tax."

It should also be noted the appellant argued that under Wyoming's Uniform Estate Tax Apportionment Act[2] the wife, had she survived, would have, due to the marital deduction provisions of the Internal

2. For cases which hold that, absent a direction against apportionment expressed in clear and unambiguous language, enactment of the statute creates a presumption of a testator's intention to apportion estate taxes, see In re Estate of Eberle, 4 Wash.App. 638, 484 P.2d 478, 483; In re Schuchman's Will, 51 Misc.2d 541, 273 N.Y.S.2d 548, 549; Succession of Jarreau v. Succession of Jarreau, La.App., 184 So.2d 762, 763–764, reh. den. 184 So.2d 762; Succession of Jones, La.App., 172 So.2d 312, 314, reh. den. 172 So.2d 312; In re Barret's Estate, Fla., 137 So. 2d 587, 593, reh. den. 137 So.2d 587; In

re Blumenthal's Estate, 180 Misc. 895, 42 N.Y.S.2d 898, 901–902; In re Harvey's Estate, 350 Pa. 53, 38 A.2d 262, 263–264; and In re Stadtfeld's Estate, 359 Pa. 147, 58 A.2d 478, 480–482.

1. "SECOND: In the event that my wife, Emma N. Hilliar, survives me, I give, devise and bequeath unto her one-half of my adjusted gross estate as determined for Federal Income Tax purposes, as her whole and separate property."

2. Section 2–341, W.S.1957 (1971 Cum. Supp.).

Revenue Code, taken one-half of the estate as determined for federal estate taxes free from the burden of any federal estate tax. However, the appellants may not avail themselves of the marital deduction provisions, and thus the statute in that regard has no application to them.

The majority opinion applies the definition of "estate" as contained in § 2–337, W.S.1957 (1971 Cum.Supp.), to the term "estate" as contained in the will. The pertinent portions of § 2–337 are:

"In this act: (a) 'Estate' means the gross estate of a decedent as determined for the purpose of federal estate tax."

I do not believe the definition of "estate" as contained in the act can be used to determine the meaning of "estate" where there is an ambiguity in a will.