SAVOY, Judge.
Mrs. Alvis Margaret LeBlanc Fontenot, one of the legatees uflder the will of Mrs. Margaret Honeycutt, filed a rule for a refund of estate and inheritance taxes assessed to her and paid. The district court maintained an exception of no cause of action filed by the executor. Mrs. Fontenot appealed.
On November 30, 1966, the Calcasieu Marine National Bank, Testamentary Executor of the Succession of Mrs. Margaret Honeycutt, petitioned the court to interpret certain provisions of the last will and testament of decedent, and it stated in its petition :
“In making the interpretation of the clauses to the will of Mrs. Margaret Honeycutt above referred to, it is necessary for the court to determine as to whether or not the Federal Estate Tax is to be apportioned as to the amount to be received by each legatee, and as to whether or not the legatee is to pay the Louisiana Inheritance Tax on the legacy falling to the particular legatee.”
Mrs. Alvis Margaret LeBlanc Fontenot, a particular legatee under the will, was served personally with a copy of the petition.
By judgment dated October 31, 1967, the court held that the Federal Estate Tax *337 should be apportioned according to LSA-R.S. 9:2432. This section provides the method for apportionment of estate taxes depending on the provisions of the will of a decedent. The district judge further decreed that the State Inheritance Tax be apportioned according to law. The time for appealing from said judgment has expired, and it is now final.
Mrs. Fontenot was made a particular legatee under the terms of the will and was also named as one of the universal legatees.
In 1968, Mrs. Fontenot desired to be placed in possession of her special legacy together with her share of the proceeds from the sale by the executor of movable property belonging to the succession. Acting upon her request, the executor filed a petition praying that Mrs. Fontenot be placed in possession of a portion of the property bequeathed to her. The petition alleged that Mrs. Fontenot had paid her pro-rata share which she owed for Federal Estate and State Inheritance taxes. On May 23, 1968, judgment was rendered and signed placing Mrs. Fontenot in partial possession of the property bequeathed to her under the will.
There not being sufficient funds to pay the Estate and Inheritance taxes due by the Succession, the executor petitioned the court to redeem sufficient stock of Honey-cutt Furniture Co., Inc. for the purpose of paying said taxes. The court authorized the executor to effect the redemption. The Succession received $98,898.00 in cash and certain promissory notes from the corporation to effectuate said redemption. The Federal and State taxes due by the Succession were less than the cash received from the redemption. Accordingly, it was determined that Mrs. Fontenot had overpaid taxes, which amount was determined by executor, by the sum of $1,842.-91.
The attorney for Mrs. Fontenot made a demand on the executor for the sum of $4,692.17, being the amount she had paid in taxes in order to be placed in provisional possession as mentioned above. The executor offered to pay to Mrs. Fontenot a lesser sum which she refused. She then filed a petition coupled with a rule directed to the executor to show cause why the executor should not return to her the full amount of taxes paid by her, namely, $4,692.17. In her petition she alleged that the last will of Mrs. Honeycutt provided that the Succession should pay the Federal and State Inheritance Taxes. By supplemental petition she prayed that the judgment of October 31, 1967, be annulled since it was in conflict with the provisions of the Honeycutt will.
Defendant-in-rule filed an original and supplemental answer stating that it owed and was willing to pay to Mrs. Fontenot the sum of $1,842.91 as per computations in the record prepared by a Certified Public Accountant firm. It then filed exceptions of no cause of action and res judica-ta. The district judge maintained the exception of no cause of action on the basis that the October 31, 1967 judgment was final because it had not been appealed.
Counsel for plaintiff-in-rule contends that the judgment of October 31, 1967 is null for it is in conflict with the provisions of the will of Mrs. Honeycutt in that she expressly stated that all taxes should be borne by the Succession. Counsel also contends that the ruling of the district court is in conflict with Succession of Jarreau v. Succession of Jarreau, 184 So.2d 762 (La.App. 3 Cir. 1966) (writ den.).
It may be that counsel for plaintiff-in-rule is correct in his contention; however, we are powerless to grant his client the relief prayed for because the judgment of October 31, 1971, is final since no appeal was taken therefrom.
For the reasons assigned the judgment of the district court is affirmed. Costs of this appeal assessed against plaintiff-in-rule.
Affirmed.