## Carr Estate

*Francis Shunk Brown, 3d*, accountant in propria persona.

*Robert B. Shoemaker, Jr.*, and *Jay Fleisher, Jr.*,
for Shriners Burn Institute.

*Charles E. Donohue*, for Commonwealth as parens patriae.

ADJUDICATION BY TAXIS, J., AUGUST 4, 1981:

\*\*\* Decedent died on August 2, 1979, leaving a will dated July 22, 1979. By Item I, decedent bequeathed to Esther Doran "10% of my net estate" if Esther Doran survived the decedent, which she did. By Item II, decedent bequeathed the residue of her estate to Shriners Burn Institute, Boston Unit.

The court is asked to interpret the phrase "net estate" in Item I and, consequently, whether the ten percent gift to Esther Doran should be calculated before or after the payment of transfer inheritance tax. Accountant maintains that the gift to Esther Doran should be calculated after the payment of transfer inheritance tax while the charity and the Attorney General object and contend that Shriners Burn Institute should receive its residuary gift, in actuality, ninety percent of the estate, before the payment of the transfer inheritance tax on the gift to Esther Doran and thus not be required to share in the burden of taxes.

An examination of the allocation of inheritance taxes must begin with a review of §718(c) of the Act of 1961 which provides:

"(c) Other Transfers. In the absence of a contrary intent appearing in the will or other instrument of transfer and except as

provided in subsections (a) and (b) of this section, the ultimate liability for inheritance tax imposed by this act shall be upon each transferee."

By §302 of the Act of 1961, charities are exempted from transfer inheritance tax. The crux of the statute lies in the language "[i]n the absence of a contrary intent appearing in the will."

The Supreme Court enunciated the presumption established by the statutory language in *Erieg Est.*, 439 Pa. 550, 556 as follows:

"We must begin with the proposition that the several applicable statutes create 'a presumption that a testator intends that proration should be made in accordance with . . . [the statutory] terms, unless his will contains a specific provision, clearly expressed, inconsistent with such presumption, and, to accomplish that result, his language must not be of doubtful import.' *Stadtfeld Est.*, 359 Pa. 147, 152, 58 A.2d 478, 481-82 (1948) (interpreting the now repealed predecessor of the Act of August 24, 1951, P.L. 1405, as amended 20 P.S. §§883-84)."

In construing these statutes, the Supreme Court has also stated that "[t]he legislature clearly intended that the decision for allocating liability for inheritance taxes could be made, if desired, by a testator . . . :" *Neamand's Est.*, 456 Pa. 22, 27-28.

We must look to decedent's will to ascertain her intent. The will comprises three items: Item I makes the gift to Esther Doran; Item II bequeaths the residue to Shriners Burn Institute; and Item III appoints the executor. As noted in Item I, decedent directed that "Ten (10%) percent of my net estate" should pass to Esther Doran. The crux of the question lies in the definition of "net" and we note that the word "net" modifies "estate." In *Bard Est.*, 12 Bucks 231, 238, the court construed the word "net" to mean clear of or free from all charges, deductions, etc., including inheritance tax. In order for the gift to Esther Doran to be free of all charges, it would have to be calculated after the payment of transfer inheritance tax.

The court finds that the decedent intended that Esther Doran receive a gift of 10% of her estate after the payment of transfer inheritance tax. The objections of the Shriners

372

Burn Institute and the Attorney General are herewith dismissed. ***