Vincent A. Lupiano, J.
This is a proceeding by Irving Trust Company to settle its account as trustee under a deed of trust dated December 24, 1931, created by Margaret M. Hatch for the benefit of her daughter, Barbara Hatch Hartshorne.
By the terms of the deed of trust Barbara Hatch Hartshorne was entitled to the income for life and was given a general power of appointment. In 1949 Barbara Hatch Hartshorne released her general power of appointment and retained a limited power to appoint to a class including her issue. In 1957 Mrs. Hartshorne died a resident of the State of Colorado, leaving a last will and testament which was admitted to probate in the Surrogate’s Court of New York County as a will of a nonresident decedent. By her will the decedent expressly stated that she did not exercise the power of appointment. She left her residuary estate in equal shares to her three infant children. By the terms of the deed of trust, absent the exercise of the power of appointment, the remainders vested in equal shares in the same three infant children.
During her lifetime Mrs. Hartshorne made capital additions to the trust which her mother had created for her benefit. Since she was the life beneficiary of the trust, the result of these transactions, from the viewpoint of Federal estate tax, and it is alleged, from the viewpoint of Colorado estate tax, is the same as if Mrs. Hartshorne had created a trust for her own benefit, reserving to herself the income for life. Such a trust created subsequent to March 31,1931 would be subject to Federal estate tax in Mrs. Hartshorne’s estate, and it is alleged in the papers before the court that at least so much of the corpus as was added by Mrs. Hartshorne, and possibly the entire trust, will be taxable as part of her estate by the State of Colorado.
This court will assume, arguendo, that both claims are valid. However, neither the Federal estate tax nor the Colorado tax has been fixed at this time; nor has the trustee of the inter vivos trust requested specific relief other than the settlement of its account.
On the other hand, the executors of Mrs. Hartshorne’s will, an individual and the Bank of New York, a domestic banking *419 corporation, have requested, by their answer and supplemental answer, this court to rule that the inter vivos trust shall bear its prorata share of Federal and Colorado tax, and, accordingly, to direct the trustee to reserve a sufficient fund to pay its prorata share of the taxes that it further direct the trustee to reserve sufficient funds to pay its prorata share of counsel fees and expenses in connection with the various tax proceedings.
The trustee of the trust takes no position, feeling that it is merely a stakeholder. The guardian ad litem for the infant remaindermen, however, opposes the granting of the relief sought on the ground that it is academic and that its only effect would be to increase the commissions of the executors, since the infants share equally in the residuary estate under the will and in the remainder of the trust.
The court agrees with the guardian ad litem that the issue is largely academic, since the ultimate impact of the taxes will eventually come from the pockets of the three infants, whether as residuary legatees or as remaindermen of the trust. The court also holds that this is not the proper forum nor timely to decide the issues raised in the present posture of this case. Though the decedent was a resident of Colorado, her will has been probated in the Surrogate’s Court of New York County, giving the Surrogate in rem and in personam jurisdiction of the estate and the executors. The trustee is a New York bank, and the same bank has qualified as general guardian of the property of the three infants. Moreover, section 124 of the Decedent Estate Law has given the Surrogate plenary power to apportion estate taxes (Matter of Kaufman, 170 Misc. 436; Surrogate’s Ct. Act, § 40).
When, as and if, Colorado and Federal taxes on the estate are fixed, the executors may request appropriate relief in the Surrogate ’s Court and will have no problem in obtaining jurisdiction over the inter vivos trustee and the guardian of the property of the infants. Presumably, if the inter vivos trustee parts company with the property and is ultimately found liable for a share of the tax, it may be required to pay from its own funds. Since the trustee has not asked for leave to reserve any of the funds in its hands, it does not seem concerned by such an unlikely event. Furthermore, there has been no allegation that the property in the hands of the executors is not sufficient to discharge all anticipated tax liabilities, which again points up the academic and premature nature of the relief requested by the executors.
This court may not decide the incidence of Federal tax or Colorado tax. Jurisdiction to decide those problems is for the Federal tax authorities and the Colorado tax authorities, respec *420 lively. In a proper case, such as Matter of Gato (276 App. Div. 651, affd. 301 N. Y. 653), this court might direct an inter vivos trustee to contribute to a Federal and foreign State tax which had already been fixed and apportioned according to the laws of the foreign State. In Gato (supra) the decedent, who had died intestate and a resident of Florida, had created three revocable inter vivos trusts in New York. The probate estate in Florida was insufficient to discharge the Federal and Florida taxes. Florida had an apportionment statute, which Colorado does not. Parenthetically, it might be stated that the Federal Government could have brought transferee proceedings against the New York trustees, if necessary, to collect any tax deficiencies. Here, all the parties will be subject to the jurisdiction of the New York County Surrogate’s Court in a proceeding to apportion, after the taxes have been fixed by the authorities having the jurisdiction to fix them. Surrogate Delehanty aptly stated the rule in Matter of Kaufman (supra, p. 445) as follows: “The court begins its allocation task at the point where the taxing authorities terminate their work of fixation of gross tax. The court is not a reviewing body. It may not say that something else should have been done by the taxing authorities that in fact was done. It takes the accomplished fact of taxation and then allocates the burden on the basis of actuality of tax. ’ ’
Under the present provisions of section 124 of the Decedent Estate Law, the Surrogate may make a preliminary, intermediate or final order in the premises, tentatively or finally apportioning the tax, and may order reimbursement if the fiduciary has paid out the fund without reserving sufficient amount to discharge its share of the tax. In this case, Irving Trust Company, as trustee, will be transferring the property to itself as general guardian, and the parties and the fund will remain amenable to process from the Surrogate’s Court.
For the reasons stated, the affirmative relief requested by the executors of the will of Barbara Hatch Hartshorne is denied, without prejudice to any request for similar relief in Surrogate’s Court, New York County. There have been no objections to the account and it has been approved by the guardian ad litem for the infants. An order may be made judicially settling the trustee’s account and directing distribution of the fund to the general guardian of the infants. Allowances to the guardian ad litem will be fixed on settlement of the order; similarly, the court will determine the question of allowances to counsel.