*513 OPINION OF THE COURT
Bernard L. Reagan, S.
Margaret Burnet Spencer died on the 27th day of January, 1977, leaving a last will and testament which was duly admitted to probate by this court on the 28th day of April, 1977.
The decedent, on the same day she executed her will on April 8, 1971, executed an inter vivos trust agreement.
In her will the decedent devised her real property located in the Adirondacks and her home in Baldwinsville, New York, together with personal property located thereat to her son, George P. Spencer, Jr.
Her entire residuary estate she devised and bequeathed to the Merchants National Bank and Trust Company of Syracuse as trustee of the trust agreement entered into between herself and said bank, said trust agreement dated April 8,1971.
Article third of that agreement provided as follows: "Should the Settlor’s estate be insufficient to pay administration expenses, funeral expenses, estate taxes, and debts the Trustee shall pay such portion thereof as the Settlor’s estate is unable to pay. Any payments so made are to be apportioned between the two parts described in A and B of Article II in proportion to their several sizes prior to any payment under this article.”
The probate estate does not contain sufficient liquid assets to pay debts, taxes, funeral expenses and costs of administration of said estate.
The Merchants National Bank and Trust Company, the named executor under the last will and testament of Margaret Burnet Spencer, has petitioned the court requesting an order directing it to take possession and control of the real property located at Baldwinsville, New York, which was owned by the decedent and devised by her to George P. Spencer, Jr., her son, directing petitioner to sell such property and from the proceeds of such sale to pay itself, as mortgagee, the amount owing it as mortgagee and all other expenses incident to such sale and to apply the net proceeds of such sale to the payment of the balance owing the Internal Revenue Service on account of the Federal estate tax together with interest thereon, the entire amount of the New York State tax together with interest thereon, other debts of the decedent, administration expenses, and if there be any surplus to pay the same over to George P. Spencer, Jr., and for a further order directing that all estate taxes are payable out of the probate estate of Margaret Burnet Spencer.
*514 The decedent’s son, George P. Spencer, Jr., objects to this proceeding on the basis that it does not conform to EPTL 2-1.8 with respect to the apportionment of estate taxes.
EPTL 2-1.8 (subd [a]) is a statutory mandate to apportion taxes unless the testator "otherwise directs in his will, and except where by an instrument other than a will [hereinafter called a 'nontestamentary instrument’] direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such non-testamentary instrument, shall be equitably apportioned among the persons interested in the gross tax estate”.
EPTL 2-1.8 (subd [d]) states "any direction as to apportionment or non-apportionment of the tax, whether contained in a will or a non-testamentary instrument, relates only to the property passing thereunder, unless such will or instrument provides otherwise.”
The will of the decedent is silent on the manner in which payment of taxes is to be paid. The will does not touch the subject of apportionment between the personal estate of the decedent and the inter vivos trust.
The petitioner claims the inter vivos trust agreement dated April 8,1971 under article third of said agreement as set forth above does provide for nonapportionment of taxes and calls for all of the taxes to be paid out of the probate estate.
Exhaustive research by the court and on the part of counsel herein discloses no prior court decisions relating to the question of apportionment under circumstances analogous to those in the case at bar.
The questions for the court to answer are:
(1) Can a nontestamentary instrument divest itself of responsibility for contributing toward the apportionment of estate taxes?
(2) Does the nontestamentary instrument contain a clear and unambiguous direction against apportionment of taxes as prescribed by EPTL 2-1.8?
The court in tracing the history of EPTL 2-1.8 finds that it evolved from section 124 of the former Decedent Estate Law.
Prior to 1930 taxes were payable out of the residuary estate. In 1930 there was enacted a statute (Decedent Estate Law, § 124) requiring an equitable apportionment of all estate taxes.
In 1940 section 124 of the Decedent Estate Law was *515 amended to extend the right of the settlor of an inter vivos trust to stipulate against apportionment. (L 1909, ch 18, as amd by L 1940, ch 829.)
Section 124 of the Decedent Estate Law as amended (it has been amended four times — 1940, 1950, 1964, 1965) was reenacted as EPTL 2-1.8.
The revisers’ notes comment in part: "This section re-enacts PET, § 124 without substantive change. Changes in form are for clarification and are keyed to the drafting pattern of the new law.” (McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.8, p 105.)
Therefore the case law interpreting former section 124 of the Decedent Estate Law would still be useful in interpreting EPTL 2-1.8.
The court holds that as to question number one herein that a nontestamentary instrument cannot divest itself of responsibility for contributing toward the apportionment of estate taxes.
The statute is self-executing in the absence of a specific mandate to the contrary in the will or trust instrument (Matter of Comer, 101 NYS2d 916), direction to the contrary must be clearly expressed in the instrument or found in the circumstances of the particular case. Those who seek to avoid apportionment have the burden of proof. (Matter of Pepper, 307 NY 242.)
EPTL 2-1.8 (subd [d]) requires each instrument to contain its own tax apportionment directive (Matter of Owen, 71 Misc 2d 179).
The court interprets EPTL 2-1.8 (subds [a], [d]) applied to the case at bar as it affects apportionment or exoneration of estate taxes to mean that one fund (here the inter vivos trust) cannot exonerate itself from apportionment and put the tax burden on the other fund (testate estate).
In arriving at this result the court does not need to pass on the other questions raised by the parties in their briefs.
The petition is therefore denied. The rules of apportionment as set forth in EPTL 2-1.8 apply, and the estate taxes are to be apportioned between the two funds. The inter vivos trust cannot exonerate itself from the payment of estate taxes imposed therein.