*1040 OPINION OF THE COURT
Evans V. Brewster, S.
The petitioner seeks a court order directing four brothers of the decedent, each of whom was bequeathed an equal share of decedent’s interest in 10 close corporations to pay their share of the Federal and State taxes and the interest thereon that was assessed against the estate.
The five Fried brothers had an equal interest in a number of business corporations organized by them. Hugo Fried was the first of the brothers to die. The valuation of these corporations and tax liabilities asserted against them was the subject of lengthy litigation and negotiation with the Federal taxing authorities. At the time the Federal estate tax return was filed on December 6, 1971, a payment of $92,000 was paid on account thereof. Prior thereto, the estate made a deposit of $32,000 with the New York estate tax. Over a period of many years, the value of these corporations was litigated. Finally, a settlement was reached in the United States Tax Court on December 5, 1985 in which the agreed Federal estate tax was fixed at $124,257.55 with interest thereon of $47,785.07. The New York estate tax was fixed at $21,262.33 making the total tax fixed and paid on the estate in the sum of $193,304.95. The petitioner seeks to apportion this tax on the interests received by the four brothers in accordance with EPTL 2-1.8. Two of the brothers have filed answers denying liability and asserting a number of affirmative defenses.
The governing statute with respect to the apportionment of Federal and State taxes is EPTL 2-1.8 (c) which provides as follows:
"Unless otherwise provided in the will or non-testamentary instrument:
"(1) The tax shall be apportioned among the persons benefited in the proportion that the value of the property or interest received by each person benefited bears to the total value of the property or interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes.”
The will of the decedent herein did not otherwise provide. Therefore, tax apportionment of the legacies to the brothers of decedent is mandated unless otherwise affected by the issues raised in the answer of the respondents.
The affirmative defenses in the answers of both respondents *1041 closely parallel each other and. generally raise questions of the Statute of Limitations and laches. The answers allege that 15 years have elapsed since the time payment was first made on account of taxes and the claim for such repayment now. The respondents also argue that they were not parties to and were given no opportunity to participate in the negotiated settlement made between the executor and the IRS on the taxes and are not bound by the taxes thus fixed.
This court has no jurisdiction to review a determination of the Federal taxing authority with respect to what is included in the gross taxable estate, the amount of the net taxable estate and the amount of tax imposed thereon, all of which is binding on the court (Matter of Kaufman, 170 Misc 436; Matter of Mills, 189 Misc 136, affd 272 App Div 229, affd 297 NY 1012; Matter of Hatch, 21 Misc 2d 417; Matter of Iselin, 41 NYS2d 808). "The court begins its allocation task at the point where the taxing authorities terminate their work of fixation of gross tax. The court is not a reviewing body. It may not say that something else should have been done by the taxing authorities that in fact was done. It takes the accomplished fact of taxation and then allocates the burden on the basis of actuality of tax.” (Matter of Kaufman, supra, p 445.) The amount of the tax found due in this estate was $124,257.55 for Federal tax and $21,262.33 for State tax, and without consideration of interest or penalties, these taxes as fixed must be apportioned in accordance with the benefits received.
The statute (EPTL 2-1.8 [c] [1]) is explicit that "the values as finally determined in the respective tax proceedings being the value to be used as the basis for apportionment of the respective taxes” (emphasis added). The final determination of the Federal tax was December 5, 1985 and the State tax thereafter. The defense of the Statute of Limitations asserted by the respondents herein would not be applicable considering the time their liability for apportionment was determined and therefore the defenses of Statute of Limitations are dismissed.
The liability of the legatees for the interest and penalty fixed in the sum of $47,785.07 presents other questions. No proof has been presented to explain why payment on account of the tax could not have been made to stop the accrual of interest or whether the actions of the legatees may have contributed to the delay in fixing the tax or payment of the same. A hearing will be required to determine the persons responsible for the accrual of the interest and penalty on the estate tax so fixed.
*1042 The apportionment to be made herein must be made with respect to the benefits received by the legatees as determined in the Federal and State tax proceedings. The claim made by the legatees that they were not parties to the tax proceeding and thus not bound is not applicable to the apportionment of the tax as set forth in the statute (Matter of Kaufman, 170 Misc 436, 444, supra). Apportionment is made on the property as taxed by the authorities. If the legatees question the settlement made by the fiduciary or the values of the property as set forth in the estate tax returns, objections can be made in an accounting proceeding to surcharge the fiduciary for her failure to properly represent the estate interest in the tax proceedings.
The defenses of laches set forth in the answers are dismissed. However, questions of fact have been raised of whether the fiduciary could have and should have made payments on account of the tax liability in order to avoid interest and penalty which can only be determined at a trial of these matters.
Finally, it must be observed that while petitioner seeks an order directing payment of the tax apportionment from the four brothers, the petition fails to include a schedule showing the interests of all persons who must contribute to the tax apportionment. The bequests given to decedent’s sisters under article third of the will are specifically made tax exempt and any taxes thereon are to be paid out of the residuary estate. There are, however, a number of other legacies which may be taxable and which must be considered in fixing the amount to be apportioned to each beneficiary.
Accordingly, the following directions and order are made:
1. The petitioner shall amend the petition to disclose the amounts bequeathed to each of the beneficiaries and the beneficial interest which was included in the determination of the tax in the Federal and State tax proceedings.
2. In the answer of the executors of the estate of Henry Fried:
(a) Paragraphs 2 through 6 are argumentative. If intended, in part, to be raised or used as affirmative defenses, they are not properly pleaded. The paragraphs are stricken.
(b) The first and second affirmative defenses are dismissed.
3. In the answer of the executrix of the estate of George Fried:
(a) The first affirmative defense is dismissed.
*1043 Neither the State of New York nor the United. States of America (Internal Revenue Service) are necessary parties.
(b) The second affirmative defense asserting laches is dismissed.
(c) The third affirmative defense setting forth the Statute of Limitations is dismissed.
(d) The affirmative defense set forth in paragraphs 11 through 13 is dismissed.
4. This proceeding is returned to the general calendar of the court for September 23, 1986 when a trial date will be selected.