■ In the Matter of the Estate of FLOYD E. MASTEN, Deceased. STEPHEN K. BOCK et al., as Executors, Respondents; PLEASANT VALLEY PRESBYTERIAN CHURCH, Appellant.—In a

proceeding for the judicial settlement of the final account of the executors, the Pleasant Valley Presbyterian Church, the legatee of the reversionary interest in real property and one of the residuary legatees, appeals from an order of the Surrogate's Court, Dutchess County (Benson, S.), dated December 8, 1988, which dismissed its objections to the apportionment of estate taxes.

Ordered that the order is affirmed, with costs payable by the appellant.

This appeal arises out of the accounting of estate taxes concerning the estate of Floyd E. Masten. The will devised a life estate in certain real property to the testator's sister Lois M. Cavo, with the remainder to the appellant. Subsequent to Masten's death and probate of the will, Lois Cavo transferred her life estate to the church as a charitable gift. The church sold the property one year later in 1982. In 1987, the executors filed for the final judicial settlement of the account. The church now appeals the order denying its objections to the apportionment of the estate taxes, pursuant to which the church was ordered to pay Federal and State estate taxes for the value of the life estate in the amount of $5,061.29. The church argues that EPTL 2-1.8 (b) does not apply to the facts at bar and that it is free from any obligation to pay the estate taxes for the value of the life estate. We disagree.

EPTL 2-1.8 (b) provides: "Unless otherwise provided, when a disposition is made by which any person is given an interest in income or an estate for years or for life or other temporary interest in any property or fund, the tax apportionable against such temporary interest and the remainder limited thereon is chargeable against and payable out of the principal of such property or fund without apportionment between such temporary interest and remainder. The provisions of this paragraph apply although the holder of the temporary interest has rights in the principal, but do not apply to a common law annuity." Thus, EPTL 2-1.8 (b) unequivocally states that the tax apportionable against temporary interests, such as the life estate in the present case, shall be chargeable to the principal of the property. The appellant's contention that EPTL 2-1.8 (e) superseded EPTL 2-1.8 (b) is based upon a strained interpretation of the statute which would render EPTL 2-1.8 (b) largely nugatory.

Moreover, it is well established that statutory apportionment is required absent an express and unambiguous direction to the contrary in the will, and that those seeking to avoid apportionment have the burden of proof (see, Matter of

*Shubert,* 10 NY2d 461; *Matter of McKinney,* 101 AD2d 477; *Matter of Spencer,* 95 Misc 2d 512; *Matter of Schuchman,* 51 Misc 2d 541).

In the present case, the will contained no directions as to the method of computing taxes and their apportionment. Accordingly, the Surrogate properly determined that the taxes should be charged to the principal and dismissed the church's objections. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.