In the Matter of EDWIN METZLER, as Executor of HENRIETTA PINTER, Deceased, Respondent-Appellant. PATRICIA MAZZANTI et al., Appellants-Respondents.

Fourth Department, January 31, 1992

APPEARANCES OF COUNSEL

*Hodgson, Russ, Andrews, Woods & Goodyear (William H. Gardner* and *Gordon A. MacLeod* of counsel), for appellants-respondents.

*Jaeckle, Fleischmann & Mugel (Peter J. Brevorka* and *Timothy A. Kaltenbach* of counsel), for respondent-appellant.

## OPINION OF THE COURT

PINE, J.

This appeal raises the question of whether estate taxes may properly be apportioned, pursuant to EPTL 2-1.8, against inter vivos gifts made by the decedent as well as against testamentary and nontestamentary assets distributed as a result of the decedent's death. Petitioner, executor of the decedent's estate and the donee of certain inter vivos gifts from the decedent, contends that the statute does not contemplate any apportionment against the inter vivos gifts. Respondents, beneficiaries of the decedent's estate, contend that the statute should be construed to require apportionment also against the inter vivos gifts because those gifts were included in the calculation of the estate taxes. The Surrogate determined that EPTL 2-1.8 authorizes apportionment only against assets passing as a result of the decedent's death. We agree.

In addition, respondents appeal and petitioner cross-appeals from the determination of the Surrogate that the attorney's fees incurred by petitioner in this proceeding should be paid 50% by petitioner individually and 50% by the decedent's estate.

The facts in this case are not disputed. In February and March 1987, the decedent, Henrietta Pinter, made two gifts to petitioner of stock in Sectional Realty, Inc., and Sectional Home and Garage Works, Inc., two closely held corporations in which petitioner was an employee and shareholder. The stock was valued at $416,667, resulting in a net taxable gift of $406,667. On March 3, 1987, the decedent executed a will, devising her estate to her nieces, respondents Patricia Mazzanti and Dolores Hatch. The decedent designated petitioner as the executor of her estate, but she made no provision for the payment of estate taxes. The decedent died on February 29, 1988, at the age of 79. On March 4, 1988, her will was admitted to probate, and petitioner was designated executor of the estate. The decedent's estate was valued at $1,030,967: Mazzanti and Hatch were the beneficiaries of testamentary

assets with a total value of $206,630, and Mazzanti, Hatch and respondent Mary Beenau were the beneficiaries of a life insurance policy and three annuities with a total value of $824,337.

After the decedent's death, petitioner, as executor, filed Federal and State gift tax returns with respect to the inter vivos gifts of stock made to him individually. The Federal gift tax liability amounted to $124,067, but no Federal gift tax was paid because that liability was offset against the unified gift and estate tax credit of $192,800 (see, 26 USC §§ 2010, 2505). The State gift tax liability amounted to $15,333, and, after offsetting the State unified credit of $500 (see, Tax Law § 952 [b], [d]; § 959-a), a gift tax of $14,833 was paid.

Petitioner, as executor, also filed Federal and State estate tax returns. The amount on which the Federal estate tax was calculated was $1,376,376: the decedent's gross estate, $1,030,967, less allowable deductions, $61,258, plus the amount of adjusted taxable gifts, $406,667. The resultant tentative Federal estate tax, $502,642, was reduced by the unified credit, $192,800, and by a credit for State death taxes, $31,504, leaving a Federal estate tax liability of $278,338 (see, 26 USC § 2001 [b], [c]; § 2010 [a]; §§ 2033, 2051, 2503). The amount on which the State estate tax was calculated was $1,391,209: the decedent's gross estate, $1,030,967, less allowable deductions, $61,258, plus the amount of adjusted taxable gifts, $406,667, plus the State gift tax already paid, $14,833. The resultant tentative State estate tax of $88,209 was reduced by the gift tax already paid and the State unified credit, $500, leaving a State estate tax liability of $72,876.

Thus, the total of the Federal and State estate taxes was $351,214. Petitioner, as executor, decided that the estate taxes should be apportioned against the testamentary ($206,630) and nontestamentary ($824,337) assets of the estate in the amounts of $53,649 and $297,565, respectively. Petitioner then sought to have respondents contribute the latter amount to the payment of the estate taxes. Respondents, however, contributed only $178,221.67, on the ground that petitioner, individually, should pay a proportionate share of the estate taxes because he was a recipient of inter vivos gifts that had been included in the calculation of the taxes.

Because the decedent's will was silent with respect to the payment of estate taxes, petitioner initiated this proceeding pursuant to EPTL 2-1.8 to resolve the dispute with respon-

dents. Pursuant to EPTL 2-1.8 (a), when there is any estate tax due "with respect to any property required to be included in the gross tax estate of a decedent * * * the amount of the tax * * * shall be equitably apportioned among the persons interested in the gross tax estate * * * to whom such property is disposed of or to whom any benefit therein accrues". EPTL 2-1.8 (c) (1) provides that "The tax shall be apportioned among the persons benefited in the proportion that the value of the property or interests received by each such person benefited bears to the total value of the property and interests received by all persons benefited". In construing this statute, we hold that EPTL 2-1.8 does not authorize the apportionment of estate taxes against inter vivos gifts made by the decedent.

EPTL 2-1.8, and its predecessor statute, Decedent Estate Law § 124, was enacted to remedy the common-law rule that, absent other testamentary direction, the entire burden of estate taxes was imposed on residuary beneficiaries. Thus, the Surrogate has the authority to direct an "[a]pportionment * * * on the property as taxed by the [taxing] authorities" (Matter of Fried, 132 Misc 2d 1039, 1042; see, Application of Chase Natl. Bank, 102 NYS2d 124; see also, Matter of Darrow, 120 Misc 2d 924, 933). However, the statute should not be read more broadly than its terms, and EPTL 2-1.8 authorizes apportionment only against property required to be included in the decedent's "gross tax estate".

EPTL 2-1.8 does not, itself, define the term "gross tax estate". Thus, the meaning of that term can only be determined from the tax statutes. The Internal Revenue Code defines the gross tax estate as "the value of all property to the extent of the interest therein of the decedent at the time of his death" (26 USC § 2033). The inter vivos gifts made to petitioner were not a part of the decedent's gross tax estate because she had no interest in such assets at the time of her death. Thus, an apportionment pursuant to EPTL 2-1.8 could not have been made against the inter vivos gifts to petitioner (see, Matter of Coven, 148 Misc 2d 132, 134; Turano, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 2-1.8, 1992 Pocket Part, at 17).

This issue of tax apportionment arises from the fact that EPTL 2-1.8 antedates the passage of the Tax Reform Act of 1976 (TRA 1976). Prior to that Act, the gift and estate taxes, while intertwined, were separate taxes, and taxable inter vivos gifts were not, in general, considered in the calculation of the estate tax. The TRA 1976 substantially unified the gift

and estate taxes such that the estate tax is calculated on the sum of the decedent's gross tax estate and the amount of taxable inter vivos gifts (with appropriate adjustments not germane to the question at issue here). The Legislature has not amended EPTL 2-1.8 to reflect the changes in the gift and estate tax statutes. Thus, although the estate tax may now be computed on a sum greater than the gross tax estate, EPTL 2-1.8 allows apportionment only against the gross tax estate and, therefore, not against inter vivos gifts as well. Although it might appear that it would be more equitable to apportion the estate tax against all the assets causing the tax, EPTL 2-1.8 does not authorize such apportionment.

In any event, limiting the apportionment to the testamentary and nontestamentary assets passing to respondents as a resulting of Pinter's death does not effect an inequitable result. In making the inter vivos gifts to petitioner, the decedent implicity intended that petitioner take those gifts free of any tax obligation. Although the TRA 1976 merged the gift and estate taxes to a great extent, they remain separate taxes. Without evidence of a contrary intention, it must be presumed that the decedent was cognizant of the gift tax and that, in making the gifts to petitioner without also shifting any tax consequences, she intended that she, or, by extension, her estate, would bear any resulting tax responsibility.

Finally, the Surrogate did not abuse his discretion in determining that petitioner, individually, and the decedent's estate should each be responsible for 50% of the attorney's fees incurred by petitioner in the prosecution of this proceeding.

Accordingly, the order of the Surrogate's Court should be affirmed, without costs.

DENMAN, P. J., DOERR, BOOMER and BALIO, JJ., concur.

Order unanimously affirmed, without costs.