■ In the Matter of the Estate of PETER J. GUATTERY, Deceased. JEANO GUATTERY et al., Respondents; EDWARD HUGHES, Appellant. [656 NYS2d 695] —Peters, J. Appeal from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered August 20, 1996, which granted petitioners' motion to, *inter alia*, recover respondent's share of the estate taxes.

When Peter Guattery (hereinafter decedent) died in late

July 1992, respondent received approximately $200,709 as the named beneficiary of several of decedent's Totten trust savings accounts. After petitioners, the administrators of the estate, computed and paid all State and Federal estate taxes, respondent's share of such taxes was computed in accordance with EPTL 2-1.8.

When respondent refused to pay his proportionate share, petitioners commenced this proceeding in Surrogate's Court. Respondent contended that petitioners failed to provide him with an accounting to confirm that all possible deductions were taken and that, in any event, he would not be liable for such taxes because he was given these accounts prior to the death of decedent. Petitioners thereafter moved for summary judgment, which was granted by Surrogate's Court on the ground that the Totten trust accounts were part of the taxable estate. It therefore held, *inter alia*, that respondent was liable for the payment of his proportionate share of estate taxes pursuant to EPTL 2-1.8 and denied his request for an accounting. Respondent now appeals.

We affirm. Contrary to respondent's contention, we find that respondent has not proffered a scintilla of evidence indicating that he received the Totten trust accounts from decedent as an inter vivos gift. Hence, upon petitioners' prima facie showing that there were estate taxes due pursuant to Tax Law § 954 and EPTL 2-1.8, summary judgment was properly granted (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562).

Respondent's contention that the Totten trust accounts can only be used to satisfy estate taxes if the residuary estate lacks sufficient funds is similarly without merit. It is well settled that EPTL 2-1.8 authorizes apportionment of both testamentary and nontestamentary assets which inure as a result of a decedent's death, in the absence of a contrary intention clearly expressed in either the will or in the terms of the trust (*see, Matter of Pepper*, 307 NY 242, 251; *Matter of Metzler*, 176 AD2d 15, 18; *Matter of Fried*, 132 Misc 2d 1039, 1040-1041; *Matter of Spencer*, 95 Misc 2d 512, 515). Accordingly, we find no error in the determination by Surrogate's Court that respondent was liable for his proportionate share (*see, Matter of Berson*, 170 AD2d 504, 505).

Finally, we conclude that Surrogate's Court properly denied respondent's request for an accounting since he failed to fall within any of the enumerated categories entitling one to have standing to so compel (*see, SCPA 2205 [1]). With respondent further failing to raise any viable issue which might have warranted Surrogate's Court, in its discretion and on its own mo-

tion, to require an accounting in the best interest of the estate (*see, id.; Fur & Wool Trading Co. v George I. Fox, Inc.,* 245 NY 215; *Matter of Stark,* 233 AD2d 450; *Matter of Veccio,* 49 AD2d 380), we find no basis to disturb the determination. We note, however, that Surrogate's Court did find respondent entitled to a copy of the Federal and State estate tax returns. Having challenged the valuation of the estate and the imposition of penalties for the first time on appeal, we decline to review such issues (*see, General Elec. Tech. Servs. Co. v Clinton,* 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Accordingly, the order of Surrogate's Court is affirmed in its entirety.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.