LAND, Justice.
 

 This matter comes up by way of an opposition to the final account filed by lone Alma Donovan, widow of George I. Peters, who was named as testamentary executrix in his olographic will of date March 15th, 1937.
 

 Decedent departed this life on April 1st, 1937, at his domicile in the City of New Orleans, leaving an estate consisting of real estate, household furnishings, bank deposits, bank stock, and homestead stock, inventoried and estimated at $31,904.29, and debts and charges in the sum of $2,-718.40, or a net estate of the value of $29,-185.89.
 

 In his last will and testament, the decedent made his wife a particular legatee of the following specific bequests:
 

 Real estate bearing municipal number 4601 Painters Street.
 

 Real estate bearing municipal number 2512 Magazine Street, and
 

 Real estate bearing municipal numbers 1024-26 Milan Street, in the City of New Orleans.
 

 No specific bequests of property, other than the above described pieces of real estate, were left to his wife by the testator.
 

 The real estate willed to his wife is valued at the sum of $18,000.
 

 Following the particular legacy to his wife is a bequest to the testator’s unborn child, if born alive and capable of inheriting, of real estate, municipal numbers 931-935 St. Andrew Street, cash in the Whitney and American Banks in the sum of $5,000, and all household furnishings of the family home on Painters Street in the City of New Orleans.
 

 
 *747
 
 The child was born alive on June 19, 1937, is named Juanita lone Peters, and is capable of inheriting.
 

 After the particular legacy to the child, the testator made the following bequest:
 

 “I give and bequeathe and devise to my sisters, Mrs. Chas. Dietrich and Mrs. Annie Buhler and to my brothers Leonard J. Peters, and Wm. L. Peters, Jr.,
 
 in equal proportions the remainder of my estate
 
 consisting of all shares of Excelsior Homestead Stock, shares of Eureka Homestead Society stock, shares of Nat. Bank of Commerce stock, shares of Hibe'rnia Nat. Bank stock, the frozen deposits in Canal Bank, frozen deposits in the Hibernia Bank, also four lots of ground in Alton, La., Parish of St. Tammany,
 
 and any cash balance that may be left."
 
 (Italics Ours.)
 

 (1) The net amount of decedent’s estate is $29,185.89. Under the law, the posthumous child, Juanita lone Peters, is entitled to one-third of the estate, or the sum of $9,728.63.
 

 But according to the valuations on the properties inherited by her from her deceased father, the aggregate of the properties is $7,890.55, or less than her legitime of one-third of the net amount of decedent’s estate, and, necessarily, the amount to be contributed to make up the child’s legitime, to be taken from the residue of the estate, is the sum of $1,838.08:
 

 In the distribution of the funds of the estate in her final account, the executrix has interpreted the legacies left to the widow and the child of decedent as
 
 particular legacies,
 
 and the legacy left to the brothers and sisters of decedent as a
 
 universal legacy.
 

 In other words, the widow and child are considered by the testamentary executrix as
 
 particular legatees,
 
 and the brothers and sisters as
 
 residuary or universal legatees.
 

 (2) The opposition of the collateral relatives of decedent, his two brothers and sisters, to the final account of the executrix, on the ground that opponents are legatees under a particular title, is without merit.
 

 It will be noted that the disposition made by decedent in his last will and testament in favor of his brothers and sisters was only of
 
 the residue or remainder
 
 of the property that he died possessed of
 
 in equal proportions,
 
 with a description of same. •
 

 That the legacy made by decedent to his brothers and sisters is a residuary legacy is settled by the decision in the Succession of Burnside, in which it was held that “A legacy of ‘the residue of my property of every description’ is an universal legacy.
 
 Descriptive words
 
 of the different kinds of property composing that residue are not
 
 words of limitation, but of illustration.”
 
 (Italics Ours.) Succession of Burnside, 35 La.Ann. 708, 709.
 

 In Succession of Kneipp, 172 La. 411, 419, 134 So. 376, 379, the court said: “It is evident that the testatrix wills the totality of her property, of every description, to Kneipp, subject to certain particular- legacies. If we were to follow literally the definition of what constitutes a universal legacy, given in article 1606 of the Civil
 
 *749
 
 Code, which defines such a legacy as ‘a testamentary disposition, by which the testator gives to one or several persons the whole of the property which he leaves at his decease,’ it is not unlikely that we would reach the conclusion that Kneipp is not a universal legatee. Jurisprudence, however, has established that a residuary legatee is a universal legatee. Succession of Burnside, 35 La.Ann. 708; Succession of Fisk, 3 La.Ann. 705.”
 

 (3) The contention of opponents that Mrs. lone Alma Peters is a legatee under a universal title, and as such that she is bound to contribute to the payment of the debts and charges of the succession, is also without merit.
 

 Referring to the last will and testament of the decedent, it will be noted that he gave and bequeathed to his wife the following described real estate:
 

 4601 Painters Street, bounded by Venus, Carnot and Lombard.
 

 2512 Magazine Street, bounded by Constance, Second and Third Streets.
 

 1024-1026 Milan Street, bounded by General Pershing, Camp and Chestnut Streets of this City.
 

 There can be no question but that the pieces of real estate referred to, and constituting the sole bequests made by decedent to his surviving widow, are particular legacies, and that she is entitled, under the law, to inherit from her deceased husband these properties in preference to all other legacies made by the decedent.
 

 While, on the other hand, the residuary, or universal legatee, receives nothing, except what is left, after the payment of the debts and charges of the succession, the discharge of the particular legacies, and the contributions for the legitime.
 

 It is provided by article 1634 of the Revised Civil Code that: “Particular lega-
 

 cies must be discharged in preference to all others, even though they exhaust the whole succession, or all that remains after the payment of the debts and the contributions for the legitimate portion, in case there are forced heirs.”
 

 Article 1642 of the Revised Civil Code declares that: “The legatee by a particular title shall not be liable to the debts of the succession, except the reduction of the legacies as is before provided, and except the action of mortgage of the creditors.”
 

 The real estate willed to the wife is estimated at $18,000, and the legitime of the child at $9,728.63, or a total of $27,728.63, which, deducted from the net value of the estate, $29,185.89, leaves a balance for the residuary legatees of $1,457.26.
 

 The judgment of the lower court dismissed the opposition to the final account filed by the executrix of the estate of George I. Peters, and from this judgment opponents have appealed.
 

 In our opinion the judgment appealed from is correct.
 

 Judgment affirmed.
 

 HIGGINS, J., absent.