LEMMON, Judge.
The opponents to a proposed tableau of distribution and final account in this succession proceeding have appealed from a judgment dismissing their opposition after a *624 hearing. On appeal the sole issue involves the interpretation of certain provisions of the will.[1]
In the May 10, 1973 olographic will the testatrix first made particular legacies of specific amounts of cash to six individuals, a church and a charitable organization. Then she left to various individuals particular items of furniture, housewares, bed clothes, dinner service and jewelry, after which she stated in the next paragraph:
“The residue of my belongings, I leave to (three named individuals).” (Emphasis supplied)
She then expressed certain desires as to maintenance of her burial plot. In the following paragraph she provided “(a)ny money remaining I leave to” six individuals and one charitable organization, in specified amounts. The very next paragraph provided:
“Any residue of my estate is to be given to (the church named as a particular legatee and another church).” (Emphasis supplied)
She then mandated that her succession value not be published, left a brooch to a named individual, and (except for naming her attorney and signing the will) concluded:
If any money is left — add more to those mentioned.” (Emphasis supplied)
By codicil dated the same day she left other specified furniture to named persons.
The testatrix died on September 29, 1974 at the age of 85. Her bank box contained approximately $8,600.00 in cash. The remainder of the estate consisted of a bank checking account, two bank savings accounts, numerous homestead shares, a bank savings certificate, two U. S. savings bonds, and certain household effects.
The executrix interpreted the three above quoted paragraphs in the will as indicating the testatrix’s intention to divide her estate for purposes of disposition into three parts: Her personal belongings, her money (construed by the executrix as meaning cash), and all of her other property. Accordingly, the executrix proposed (1) to deliver each item of specified personal belongings in accordance with the itemized particular legacies of personal property and the remainder of the personal belongings to the legatees named in the first quoted paragraph; (2) to deliver the specified sums of cash (totaling $14,100.00) to all particular cash legatees, including those named in the paragraph regarding “(a)ny money remaining”; (3) to regard the third quoted paragraph as inapplicable, since there was no “money” left after payment of the particular cash legacies; and (4) to deliver the residue of the estate (after delivery of all personal belongings and of all cash legacies, and after payment of all debts and costs of administration) to the two churches named in the second quoted paragraph. Thus, the executrix proposed to interpret the second quoted paragraph as a universal legacy and to divide the residue of the estate equally between the two churches as universal legatees.
The opponents attacked this method of distribution, contending that the will contained three inconsistent dispositions (the three quoted paragraphs) and that since each of these three dispositions followed a series of particular legacies, each was an attempt to establish a universal legacy. Further arguing that C.C. art. 1723 provides in the event of contrary dispositions that the disposition written last is presumed to be the will of the testator, the opponents reasoned that the first two universal legacies were revoked by the third quoted paragraph and that the residue of “money . left” (construing “money” to mean the accounts and shares convertible to cash) should go to all particular legatees.
The trial court rejected this argument and dismissed the opposition. We affirm.
*625 In interpreting wills, courts must principally endeavor to ascertain the intention of the testator, without departing from the proper signification of the will’s terms. C.C. art. 1712. When necessary, recourse may be had to all circumstances which may aid in the discovery of the testator’s intention. C.C. art. 1715.
The validity of opponents’ position depends upon the contention that the three quoted paragraphs constitute universal legacies and are therefore conflicting.
A universal legacy is a testamentary disposition, by which the testator gives to one or several persons the whole of the property which he leaves at his decease. C.C.art. 1606. The second quoted paragraph, construed by the executrix as the only disposition intended as a universal legacy, clearly can be reasonably construed as such, since “estate” means “the whole of one’s possessions”. American Heritage Dictionary of the English Language (1975). Thus, the central issue is whether the first and third quoted paragraphs are reasonably construed as universal legacies under the circumstances of this case.
The first quoted paragraph is more reasonably interpreted in this case as a particular legacy of the testatrix’s unspecified personal belongings. The word “belongings” means “personal possessions; effects”. American Heritage Dictionary of the English Language (1975). Furthermore, this disposition immediately follows the giving of numerous itemized personal effects and is more reasonably construed as a particular legacy of the remaining personal possessions or effects than as a universal legacy (although “residue of my belongings” arguably could be construed in another will under other circumstances as reasonably intended to establish a universal legacy).[2]
The third quoted paragraph (relied upon by opponents as revoking the universal legacy in the second quoted paragraph) refers to any “money” left in the estate.[3] “Money” means “official currency, coins and negotiable paper notes, issued by a government”, although it also means “assets and property that may be converted into actual currency”. American Heritage Dictionary of the English Language (1975). Significantly, in this case, the will makes sense in its entirety only if “money” is construed to mean currency, and the will should be construed so as to give effect to all its provisions if this can be done reasonably. Moreover, the circumstances of the large sum of money in the bank box, along with the testatrix’s attorney’s testimony that she had incurred substantial medical expenses during extended periods of hospitalization in her last two years, indicate that she could reasonably have intended to fulfill all cash legacies from the cash on hand and anticipated that the amount of cash on hand at the time of her death might exceed the amount of cash legacies.
We therefore deem it more reasonable to construe the third quoted paragraph referring to “money” as a particular legacy of the cash (if any) remaining after the other particular cash legacies are paid than as a universal legacy of all of the testatrix’s property other than her “belongings,” especially since the latter interpretation would render the second quoted paragraph completely meaningless.
Accordingly, we conclude that the third quoted paragraph was not a universal legacy and that under the most reasonable interpretation of the entire will, the executrix’s proposed distribution is in accordance with the testatrix’s intention. Indeed, construing the will as argued by the opponents *626 would require a strained interpretation and would not give effect to all of the dispositions.
The judgment is affirmed.
Affirmed.

. After judgment, the parties agreed as to resolution of several minor discrepancies in the proposed distribution and final account, and they have filed in this court an amended distribution and account agreed upon by all parties, except for the one issue at which this appeal is aimed.

. C.C. art. 1625 defines a particular legacy as every legacy not included in the definition of universal legacies and legacies under a universal title (as defined in C.C. art. 1612).

. In this regard we agree with the opponents’ argument that the third quoted paragraph is not indefinite or precatory. The decisive issue is whether it is reasonably construed as a universal legacy. In holding that it is not under the circumstances of this case, we distinguish this disposition (which applies only if any money is left) from the disposition in Succ. of Barnett, 245 So.2d 418 (La.App. 2nd Cir. 1971), which mandated “(i)f after everything is paid divide what’s left with Cicero and Lewis . .” The latter gives the universality of the testator’s property, if any property of any kind remains.