LOBRANO, Judge.
This litigation involves the interpretation of certain legacies in the last will and testament of Spencer L. Kearl, a resident of Orleans Parish who died on November 3, 1981. Decedent’s testament, dated November 2, 1981, is in olographic form, and provides as follows:
“To whom it may concern — this is my last will and supersedes all previous wills.
(1) I own a substantial amount of stock with E.P. Hutton & Co.
(2) I own a substantial equity that has been accumulated in St. of Colo, retirement plan.
(3) I own a 50% interest in properties in the Santa Rosa area of Florida. This investment is with Joe Bill Jackson. Papers I have are in an attached brown folder — Joe Bill can work out our recent economic positions — I trust him implicitly.
(4) I have my original $10,000 GI insurance and have paid up $2,000 more, so there should be about $12,000 in this source.
(5) I have been paying to the government by deductions from retirement pay what is in effect a policy that will of a major (sic) pay for life. This policy for Rosemary N. Bridges.
*181 Following is how I want my properties distributed:
Rosemary N. Bridges—
Some oil equity I own 50/50 with Dave Loeffler
Government annuity $800,000 cash or stock my car
Bryant Kearl George Irvings furniture
John Bridges my photo equipment
Bry Cyril Russell Phyllis Marge The balance of my ownership in stocks, cash, or as desired, shall be split Vs to each of the bracketed.
I wish Cyril to execute my estate .... ”
The sole issue in this appeal is the interpretation of the legacy to Rosemary N. Bridges (appellant) which provides “$800,-000 cash or stock”, and the legacy to Bryant, Cyril, Russell and Marge Kearl and Phyllis Belnap (appellees), which provides “the balance of my ownership in stocks, cash or as desired shall be split Vs to each of the bracketed.”
Appellant contends that the bequest to appellees is a universal legacy, or a legacy under universal title, and therefore they are responsible for the debts of the succession. She claims her legacy is a particular bequest, and therefore should be delivered free and clear of all expenses.[1] La.C.C. Art. 1480. Appellees admit that the bequest to appellant is a particular legacy, but they claim it is a bequest of a certain pro-rata share of decedent’s stock. As such, appellant must bear the brunt pro-rata of the stock market decline between date of death, and the date it was sold. Further, they claim that their legacy is a particular bequest also, and since there are insufficient funds in the residual estate, the particular legatees must share the debts in proportion to their legacies.
Without going into the mathematical computations of the trial court’s judgment it is sufficient to state that the lower court held both bequests to be particular, and that both must share the debts proportionately. Additionally, the trial court held that appellant’s legacy was one of stock, and therefore was subject to a pro-rata reduction because of the market decline.
In the interpretation of a last will and testament, the intention of the testator must be ascertained from the proper signification of the terms of the testament. La. C.C. Art. 1712. This court is bound to interpret the will as it is written and give effect to what the testator said, not to what anyone might speculate that the testator intended. Succession of Martin, 262 So.2d 46 (La.App. 1st Cir.1972), writs denied 263 So.2d 729. Where the language of the testament is clear and unambiguous, forced interpretations are not permissible and the court cannot “put words in the testator’s mouth.” Succession of Martin, id.

Bequest to Appellant

All parties are in agreement that the bequest to appellant is a particular legacy. Appellant contends, however, that it is a bequest of $800,000, which she can take either in cash or stock. We agree. A simple reading of the terms “$800,000 cash or stock” clearly manifests the testator’s intention to give appellant $800,000. Since decedent’s estate was more than sufficient to satisfy this legacy, appellant was given the option by the testator of taking cash or stock.

Bequest to Appellees

Since decedent failed to mention his Florida real property holdings in his bequest to appellees, they claim it manifest his intention to let that property pass intestate, thus making their legacy a particular one also. We disagree.
Testamentary dispositions in Louisiana are either universal legacies, legacy *182 under a universal title, or a particular legacy. A universal legacy is one by which the testator gives to one or several persons the whole of the property he leaves at his death. La.C.C.Art. 1606. A residual legacy is a “universal legacy” and descriptive words of the different kinds of property composing the residue are not words of “limitation” but of “illustration”. Succ. of Peters, 192 La. 744, 189 So. 122 (1939). A legacy under universal title is that by which a testator bequeaths a certain proportion of the effects of which the law permits him to dispose, as a half, a third or all of his immovables or all of his movables, or a fixed proportion of all his immovables or movables. La.C.C. Art. 1612. Every legacy not included in the above two definitions is a particular legacy.
Whenever possible a will should be read as to lead to testacy, not intestacy. Succession of Carter, 332 So.2d 439 (La.1976). “In the absence of contrary expressions, the law presumes that when a will is executed the testator intends to dispose of his entire estate.” Succession of Carter, supra at 442.
“... the cases have recognized that in the interpretation of wills, the first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. The testator is not supposed to be propounding riddles, but rather to be conveying his ideas to the best of his ability so as to be correctly understood at first view.” Succ. of Carter, id.
Applying the above cited legal principles to the language of decedent’s will we hold that the bequest to appellees was a universal legacy, and included the remainder of decedent’s estate. Decedent listed, in the beginning of his testament, all properties and belongings which he owned. It is illogical to conclude that he did not intend to dispose of them by last will and testament.[2] The rational and logical interpretation of the phrase, “The balance of my ownership in stocks, cash, or as desired, shall be split ½ to each ...” is that the testator intended the balance of his entire estate to be given to appellees. This clearly is a residual or universal legacy. They have the option to take the balance of the estate in any form they desired, or whatever form the executor directed.
A reading of the whole testament, in logical order, leads this Court to this interpretation. Any other reading, including that propounded by appellees, leads to “putting words in the testator’s mouth,” or creating riddles where there are none. The particular legacy is free from the expenses of the estate, La.C.C. Art. 1642, and the universal or residual legacy must bear the burden of same. La.C.C. Art. 1480.
Accordingly, the judgment of the lower court is hereby reversed, and this matter is remanded for the filing of a Tableau of Distribution in accordance with this decree. All costs of this appeal to be borne by the estate.
REVERSED AND REMANDED.

. Appellant does recognize that she is responsible for her pro-rata share of the inheritance taxes,

. It is especially noted that not only did the testator describe the Florida property, but he attached copies of the titles to same to his last will.