BECKER, Judge.
This appeal arises from the opposition of three particular legatees in this succession to the payment of their proportionate share of the succession debts.
The decedent, Myrtle F. Moffat, died on March 10, 1986, without heirs but left a statutory will naming Norman Dietrich as *1212 testamentary executor. She bequeathed all of her real property to several named individuals, certain movables to named individuals and “all cash money and money in my banking accounts to Norman Dietrich.” She further left "all of the remainder of my movable property to Dr. Francis Hy-mel.”
During the course of the administration, at the request of the legatees, and after filing a Descriptive List of Assets and both Inheritance Tax and Federal Estate Tax Returns, a Petition for Partial Placing in Possession was filed. Accordingly, all of the legatees were placed in possession of their legacies, including the appellants. In due course a Petition for Homologation of the Final Account and a Tableau of Distribution was filed, advertised, served on the legatees and judgment rendered without opposition. It is from this final judgment which lists the three appellants as debtors to the succession for their proportionate share of the expenses of administration that they now appeal.
Appellants first contend that the phrase “all cash money and money on deposit in my banking accounts” designate Norman Dietrich, the recipient, a legatee under universal title and the words “the remainder of my movable property to Dr. Francis Hymel”, designates him a universal legatee. They argue that a legatee under universal title and a universal legatee should bear the debts of the estate and that their particular legacies should not be reduced by the cost of administration.
The classification of legacies are found in the pertinent articles of the Louisiana Civil Code. A universal legacy is a testamentary disposition by which the testator gives to one or more the whole of the property he leaves at his decease. C.C. art. 1606. A legacy under universal title is that by which a testator bequeaths a certain portion of the effects, as a half, a third or all of his immovables or movables or a fixed proportion of his immovables or movables. C.C. art. 1612. Every legacy not included in the definition of a universal legacy and a legacy under universal title is a particular legacy. C.C. art. 1625. ■
When there appears to be ambiguity in a will, courts must look to the intent of the testator and recourse may be had to all circumstances which may aid in the discovery of his intention. C.C. arts. 1712, 1715; Succession of Bannon, 341 So.2d 623, 625 (La.App. 4th Cir.1977).
From a reading of the instant will, as a whole, it is abundantly clear that the testator desired to dispose of her entire estate by leaving particular items to particular individuals. She first left “all cash money and money on deposit in my banking accounts to Norman Dietrich.” Immediately thereafter, she made a request that “Norman to use such money to care for my three dogs and board them in a veterinary hospital for the remainder of the life of the dogs.” Such a request does not contemplate the disposal of a proportion of her effects which would give rise to a legacy under universal title but is in fact a particular legacy which also bears the cost of caring for the deceased’s pets.[1]
We now turn to that portion of the will which leaves “all of the remainder of my movable property to Dr. Francis Hy-mel.” Although the words “all of the remainder” has been held at times to designate a universal legacy[2], a careful reading of the will convinces us otherwise. This disposition follows the particular bequests of seven pieces of real estate to named individuals. It is immediately preceded by the giving to named individuals certain itemized personal effects such as cars, musical instruments, photographs, photographic equipment and a bed.
The remainder of decedent’s estate consisted of over one hundred and sixty separate pieces of jewelry, an inoperable automobile, a piano, a hospital bed and miscellaneous household contents. Ms. Moffat did not specifically name Dr. Hymel as her universal or residuary legatee. As was stated in Maguire v. Maguire, 110 La. 279, *1213 34 So. 443 (1903), the testator’s intention must be gathered from the quod dixit. In so doing we find it more reasonable to interpret this bequest as a particular legacy rather than one under universal title. Succession of Bannon, supra; Succession of Jones, 369 So.2d 1143 (La.App. 1st Cir.1979).
Because the testator did not contemplate and make provisions for the payment of the expenses of her estate and since we find that all legatees in her will are particular legatees, they all bear the burden of the expenses of the administration to their proportionate share. C.C. art. 1430. We therefore affirm that portion of the judgment casting each legatee liable for their proportionate share of the expenses.
Appellants also complain that they cannot be east in judgment without being properly cited under the appropriate provisions of the Louisiana Code of Civil Procedure and that the trial court committed manifest error in failing to receive competent evidence for the calculation of charges for the fees of the executor and attorney.
We note that although the final account was properly advertised and the appellants notified of these expenses, not only by proper service of the final account under C.C.P. art. 3335, but also by copies of the estate tax return which they received and acknowledged, they raised no opposition in the trial court.
Ordinarily, an account which is ho-mologated according to law after due publication is final and an heir or legatee who fails to oppose such account is precluded from attacking the validity or amount of the executor’s or attorney’s fee absent a showing of fraud, misfeasance or waste. Succession of Marcour, 173 So. 587 (La. App.1937); Succession of Faust, 189 La. 417, 179 So. 583 (1938); Satcher v. Radesich, 153 La. 468, 96 So. 35 (1923). However, in the instant matter, the Petition for Homologation of the Final Account and Tableau of Distribution states that all ordinary claims against the estate have been paid when in fact the final account shows outstanding charges due the estate from certain legatees for their proportionate share of the expenses of administration. Unless those debts are collected the estate is without sufficient funds to pay the creditors in their entirety. La.C.C.P. art. 3303 contemplates either that there are sufficient funds to pay all of the listed debts of the estate or if there are insufficient funds, the listing of proposed payments according to the rank of the privileges and mortgages of the creditors.
Strict compliance with this article is necessary since a judgment homologating an account constitutes res judicata as to the claims appearing thereon. Succession ofSpyker, 159 So. 347 (Orl.App.1935). Because the Tableau of Distribution and Final Account lists outstanding debts uncollected leaving a partially insolvent estate, the mandate of La.C.C.P. art. 3303 has not been followed. Succession of Kilpatrick, 422 So.2d 483 (La.App. 2nd Cir.1982); writ denied 429 So.2d 126 (La.1983). We therefore set aside and vacate the judgment homologating the Tableau of Distribution and Final Account and remand this matter to the trial court for further proceedings consistent with this opinion.
We pretermit, to the district court for its determination, the issue of the excessiveness of the executor’s and attorney’s fees.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
SCHOTT, C.J., dissenting in part with reasons.

. See 3 La.L.Rev. 212 for a discussion of the legacy under universal title.

. Succession of Burnside, 35 La.Ann. 708, 709 (1883); Succession of Peters, 192 La. 744, 189 So. 122 (1939)