| iBOWES, Judge.
Appellants, Catherine Pratt Polit and Anne Martin Pratt, appeal the granting of a rule to show cause allowing the testamentary execu *311 tor of their father’s estate to distribute the property of that estate. For the following reasons, the judgment of the trial court is affirmed.

FACTS

George K. Pratt, IV died on April 29,1995. He left a will dated March 8,1995, which was probated by the court on May 5, 1995. Pursuant to the terms of the will, Philip Gensler was appointed Testamentary Executor of the Succession.
The decedent was survived by two daughters, Catherine Pratt Polit and Anne Martin Pratt. The will provided that Polit was to inherit the ^minimum forced portion as provided by Louisiana law. Furthermore the will specified which assets were to be used to fund the bequest. The will also provided that Anne Pratt was to be disinherited. Subsequently, it was recognized that the decedent’s disinherison was invalid and Pratt was recognized as a forced heir.
Gensler initially filed a Petition for First Homologation of Tableau of Distribution, seeking to pay debts of the succession. On August 13, 1996, Gensler filed a Petition for Second and Final Homologation of Tableau of Distribution.’ An opposition to that motion was filed by Catherine Pratt Polit on August 29,1996.
Gensler drafted a petition for possession, which was accepted by Ms. Pratt. Ms. Polit refused to accept the petition for possession. This petition was filed with the trial court. On December 3,1996, Anne Pratt filed an ex-parte motion to rescind her acceptance of the petition for possession.
A rule to show cause why the testamentary executor should not be authorized to distribute property of the estate as set out in the petition for possession was heard on December 17,1997. The trial court took the matter under advisement, and subsequently the court granted the rule to show cause. This appeal followed.
The decedent’s estate considered largely of securities, which have appreciated in value since the date of death. The main issue appears to be whether the forced heirs are entitled to only their portion of the estate ^valued as of the date of death, or whether they are also entitled to a portion of the increased value• occurring since the date of death.
Appellants present issues for consideration herein. Appellants allege:
(1) that the trial court erred in its classification of the legitime of Mrs. Polit as a particular legacy, instead of a legacy under universal title;
(2) it is alleged that the proposed distributions to the legatees offered by the executor are improper under the law; and
(3) it is alleged that the judgment is unclear with regard to the appellants’ entitlement to post-death appreciations in determining the value of their legitimes.
Appellee, Phillip Gensler, Jr. in his capacity as Testamentary Executor of the Succession of George K. Pratt, has filed an answer to the appeal, alleging that the trial court erred in ruling that the calculation of the legitime and the particular legacy of Catherine Pratt Polit is “subject to the increases and decreases of the succession during the interim period subsequent to this judgment.” Appellees argue that Mrs. Polit’s legacy is one under particular title and, therefore, she is not entitled to a share of the proceeds and interests derived from general succession assets. Instead, her legitime is subject only to increases and decreases attributable to the particular assets bequeathed to her in the will.

14CLASSIFICATION OF CATHERINE’S LEGACY

The decedent’s bequest to Catherine is set forth in his will in Article II, “Legitime Bequest”:
I leave to my daughter, Catherine Miles Pratt, the minimum amount of my estate that I am required by Louisiana law in effect at the time of my death to leave to her as her forced portion or legitime. I direct that my Executor fund this bequest with the following assets to the extent necessary: (1) my home, consisting of immovable property located at municipal address 1608 Hall Avenue, Metairie, Louisi *312 ana 70003, ... (2) my interest in three parcels of real estate located in Mississippi (two in Waveland and one in Diamond-head) and (3) automobiles and truck owned by me at the time of my death. If the value of the foregoing assets exceeds the forced portion of my Daughter, Catherine, the bequest shall be funded with sufficient undivided ownership in these assets, and the remaining undivided ownership shall be allocated to my remaining estate. If the value of these assets is not sufficient to fund the forced portion of my daughter Catherine, her forced portion shall be funded with these assets and with sufficient other assets from my estate determined in the sole discretion of the Executor. If Louisiana law at the time of my death does not require a legitime bequest, the foregoing bequest shall be null and void and such assets shall be part of my remaining estate.
This provision in testator’s will bequeathed to Catherine the minimum as required by Louisiana law and specified which particular assets were to fond the bequest. The enactment of La. C.C. art. 1493 in effect at the time of the testator’s death considered all children of the decedent, regardless of\ ¿their ages, as forced heirs.[1] If the decedent left one child, that heir was entitled to one-fourth of the decedent’s estate; if he left more than one child, those heirs were entitled to one-half of the estate. La. C.C. art. 1495.
Pursuant to La. C.C. art. 1573, a testator may delegate to his executor the authority to select assets to satisfy the quantum or value of the legacy that he bequeaths to each of his legatees, if the testator has designated the quantum or value to which the legatee is entitled according to a formula or by specific sum.[2] Where the legatee(s) are forced heirs, the testator’s bequest leaving him (them) the forced portion invokes the legal formula for the determination of the quantum to which they are entitled. Succession of Songne, 94-1198 (La.App. 3 Cir. 11/2/95), 664 So.2d 556.
La. C.C. art. 1606 provides that:
A universal legacy is a testamentary disposition, by which the testator gives to one or several persons the whole of the property which he leaves at his decease.
La. C.C. art. 1612 provides that:
The legacy, under a universal title, is that by which a testator bequeaths a certain proportion of|6the effects of which the law permits him to dispose, as a half, a third, or all his immovables, or all his movables, or a fixed proportion of all his immovables or of all his movables.
La. C.C. art. 1625 provides that:
Every legacy, not included in the definition before given of universal legacies and legacies under universal title, is a legacy under a particular title.
The appellants argue that the bequest to Mrs. Polit is a legacy under universal title, and not a particular legacy. Appellant further states that “The desire and direction by the testator to the executor to ‘fond’ this legacy with certain specific assets is of no consequence nor relation to the fact the testator bequeathed a potion of his property to his daughter.” Appellee contends that since particular assets are selected to satisfy Mrs. Polit’s forced portion, the legacy is a legacy under particular title.
We agree, as did the trial judge, with appellee’s argument. Mrs. Polit was bequeathed particular pieces of property and, if necessary, additional properties, the value of which was to be calculated according to the statutes on forced heirship. This bequest does not constitute the disposal of a “proportion” of the decedent’s effects as defined in the article on legacy under universal title La. C.C. art. 1612. Compare Succession of Moffat, 577 So.2d 1210 (La.App. 4 Cir.1991), writ denied, 582 So.2d 1312 (La.1991).
*313 Accordingly, we find no error in the trial court’s finding that the bequest to Mrs. Polit was a legacy under 'particular title.

^PROPOSED DISTRIBUTIONS

La. C.C. art. 1495 provides in part:
Donations inter vivos and mortis causa may not exceed three-fourths of the property of the donor if he leaves, at his death, one forced heir, and one-half if he leaves, at his death, two or more forced heirs. The portion reserved for the forced heirs is called the forced portion and the remainder is called the disposable portion.
La. C.C. art. 1505 states in part:
A. To determine the reduction to which the donations, either inter vivos or mortis causa, are subject, an aggregate is formed of all property belonging to the donor or testator at the time of his death; to that is fictitiously added the property disposed of by donation inter vivos within three' years of the date of the donor’s death, according to its value at the time of the donation.
B. The sums due by the estate are deducted from this aggregate amount, and the disposable quantum is calculated on the balance, taking into consideration the number of foréed heirs.
Pursuant to these articles, it is clear that the “active mass, legitime” and “disposable portion” on an estate are calculated with reference to the value as of the date of death. See Succession of Hendrick, 430 So.2d 734 (La.App. 2 Cir.1983).
It appears from the arguments presented, that appellants contend that the active mass of the succession, and their forced portions, should be calculated from the date of the petition for possession and/or petition for homologation, so that they may share in the appreciations in value of the ^assets of the estate from the date of death of decedent to the date of distribution to them.
The codal authorities cited above do not support appellants’ contentions, but instead, provide that the active mass of a succession is calculated as of the date of decedent’s death.
Accordingly, we see no error in the trial court’s calculation of the active mass of the succession, which was based on the valuation of the assets as of the date of decedent’s death, as aforesaid.

POST-DEATH INCREASE IN VALUE OF LEGITIME

Appellants argue that the judgment of the trial court is not clear with regard to entitlement to post-death increase in the asset values of the legitime bequeathed to Ms. Pratt. Related to this allegation is the issue set forth in appellee’s answer, namely, that the trial court erred in ruling that Mrs. Polit’s legacy was subject to the increases and decreases of the succession during the interim period subsequent to the judgment — instead of ruling — that she was entitled to increases and decreases attributable to the particular assets bequeathed to her.
Legitime is evaluated as of the date of death. Succession of Hendrick, supra. Ms. Pratt is a forced heir and, therefore, her legacy is one under universal title. As one of two children of the decedent, she is entitled to 25% of the estate of the decedent. To the extent that the judgment is not pelear, we hold that Ms. Pratt is entitled to any post-death increase in the value of her legitime.
Mrs. Polit, likewise is a forced heir; however, the will provided that her share was to be satisfied with particular assets and, therefore, her legacy is one under particular title. Accordingly, we hold that she also is entitled to post-death increases in values of the particular assets bequeathed to her.
Finally, we note that appellants object to petition for possession to distribute estate filed on 2/28/97. This pleading was filed after the judgment herein and will not be considered by this Court in this appeal.

CONCLUSION

For the above discussed reasons, the judgment of the trial court is affirmed and the *314 matter is remanded for farther proceedings consistent with this opinion.
AFFIRMED.

. Mr. Pratt died on April 25, 1995, prior to the change in the law on forced heirship. La. Constitution, Article XII, as amended effective October 1995, and La. C.C.1493 as amended effective June 18, 1996, now provides that:
Forced heirs are decedents of the first degree who, at the time of the death of the decedent, are twenty-three years of age or younger...

. See also La. C.C. art. 1302; art. 1573.