WILLIAMS, J.
IjThe plaintiff, Everlena Lane, appeals a judgment denying her petition to reopen the succession of William Smith for the sale of the succession’s ownership interest in immovable property. The trial court affirmed an August 2010 judgment of possession placing Jeffrey Smith in possession of that ownership interest. For the following reasons, we reverse and render.
FACTS
In July 2009, William Smith executed his will designating Everlena Lane as testamentary executrix. In the will, Smith devised and bequeathed “all of my monetary assets to my special friend, EVERLENA C. LANE, including but not limited to sales from any and all properties shared between my sister and I. I further give, devise and bequeath my IRA, Savings and Checking Account to my friend, EV-ERLENA C. LANE.” Smith also bequeathed all of his “personal belongings” to Everlena’s son, Richard Lane. The will did not contain a residuary clause. The decedent, Smith, died in October 2009.
Subsequently, Everlena Lane filed a petition to probate the decedent’s statutory will and the court issued an order probating the will. Everlena Lane filed a petition for possession naming Everlena and Richard Lane as decedent’s legatees and seeking possession of the property as provided in the will. The petition stated that one adult child, Jeffrey Smith, was born of decedent’s marriage, which had terminated by divorce. Attached to the petition was a detailed descriptive list of all movable and immovable property of the decedent. The movable property included vehicles, furniture, tools, appliances and funds from decedent’s checking, savings, 12money market and 401(k) accounts. The immovable property consisted of an undivided one-half interest in four tracts of land in Caddo Parish. The decedent’s sister owned the remaining interest in the land.
The district court rendered a judgment of possession placing Everlena Lane in possession of the money, stocks, annuities and bank accounts of decedent and placing Richard Lane in possession of decedent’s movable property. Pursuant to amended and second amended petitions for possession, the trial court rendered an amended judgment of possession providing corrected bank account numbers and a “2nd Amended Judgment of Possession” adding two utility trailers to the movable property placed in Richard Lane’s possession. None of the judgments placed Everlena Lane in possession of decedent’s interest in the immovable property.
In July 2010, Jeffrey Smith filed a petition seeking possession of the testator’s immovable property in Caddo Parish. In August 2010, the district court rendered a judgment of possession recognizing Jeffrey Smith as decedent’s only child and placing him in possession of all property not subject to testamentary disposition in the July 2009 will, including the decedent’s ownership interest in the immovable property described in the detailed descriptive list of succession property.
In October 2010, the plaintiff, Everlena Lane, filed a petition to reopen the Succession of William Smith, alleging that based upon the language in his will, the decedent had intended that his interest in the immovable property be sold and the proceeds given to the plaintiff. Alternatively, plaintiff alleged that the testator intended for her to receive |3his ownership interest in the land. In support of the petition, the plaintiff attached the affidavit of decedent’s attorney, Lori Graham, who stated that the decedent’s desire was to have the immovable property sold and the proceeds given to plaintiff. Jeffrey Smith filed a *790 motion for summary judgment, which was denied by the trial court.
After a hearing, the trial court found, in effect, that the testator’s bequest of assets to the plaintiff did not include the decedent’s interest in the immovable property. The court concluded that in the absence of a residual clause, the decedent’s ownership interest in the land passed to his heir, Jeffrey Smith. The court rendered judgment dismissing plaintiffs claims and affirming the August 2010 judgment of possession in favor of Smith. Plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in denying her petition to reopen the succession. Plaintiff argues that the evidence showed that the decedent’s intent in writing the will was to bequeath his interest in the immovable property to her.
The testator’s intent controls the interpretation of his testament. LSA-C.C. art. 1611. Courts must seek to give meaning to all testamentary language in a will and avoid any interpretation that would render the language meaningless. LSA-C.C. art. 1612; Succession of Tyson, 30, 703 (La.App.2d Cir.6/26/98), 716 So.2d 148; Succession of Meeks, 609 So.2d 1035 (La.App.2d Cir.1992). The first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. Meelcs,Jjsupra. In the absence of valid testamentary disposition, the un-disposed property of the deceased devolves by operation of law to his descendants by blood or adoption. LSA-C.C. art. 880.
Initially, we must consider the testamentary , language, which provides in pertinent part:
I give, devise and bequeath all of my monetary assets to my special friend, EVERLENA C. LANE, including but not limited to sales from any and all properties shared between my sister and I. I further give, devise and bequeath my IRA, Savings and Checking Accounts to my friend, EVERLENA C. LANE.
The appellee focuses on the term “monetary assets,” while ignoring the testator’s language stating that the bequest includes his interest in “any and all properties shared” with his sister, not limited to sales of such property. The record shows that the testator shared an undivided one-half ownership interest with his sister in four tracts of land described in the detailed descriptive list of property. The testator’s reference to this immovable property in his bequest of assets to Everlena Lane indicates the testator’s intent that the plaintiff receive the benefit of his ownership interest in the land.
Thus, contrary to the appellee’s assertion in his brief, the.testator’s bequest to plaintiff did provide for disposition of his ownership interest in the immovable property. Although the wording is somewhat awkward, the first impression conveyed upon reading the clause at issue is that the testator intended to give the plaintiff his interest in the immovable property. To find otherwise would render meaningless the testamentary language referencing the testator’s interest in the Caddo Parish land in his bequest to plaintiff. | ^Because the will contained a valid testamentary disposition of the testator’s interest in the immovable property, Article 880 is not applicable.
In the absence of a contrary expression, the law presumes that when a will is executed the testator intends to dispose of his entire estate. Carter v. Succession of Carter, 332 So.2d 439 (La.1976); Succession of Kearl, 440 So.2d 179 (La.App. 4th Cir.1983). In this case, the lack of a residuary clause in the will sup *791 ports the presumption that the testator intended to dispose of all of his property, including his ownership interest in the Caddo land, through the bequests stated in his will. It would require a strained interpretation of the will provisions to believe that the testator did not intend to give his interest in the co-owned immovable property to plaintiff, despite his express reference to that land in his bequest to her.
Based upon our consideration of the testament as a whole, we must conclude that the trial court erred in finding that the testamentary bequest to plaintiff did not validly dispose of the testator’s ownership interest in the immovable property. Thus, that property interest shall pass not to the testator’s heir, Jeffrey Smith, but to the plaintiff. Consequently, we shall reverse the trial court’s judgment and render judgment sending the plaintiff into possession of the testator’s undivided one-half interest in the immovable property described in the detailed descriptive list.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is reversed and it is hereby ORDERED that EVERLENA LANE is recognized as legatee of the deceased, WILLIAM EDINBURG SMITH, and as such is recognized as |fiowner and sent into possession of all of the deceased’s right, title and interest in and to the immovable property described below:
1.A tract of land located in Section 7, Township 16 North, Range 15 West, Cad-do Parish, Louisiana, more fully described as follows: Begin at the Southeast corner of said Section 7, thence run due North along the West right-of-way line of the Simpson Road a distance of 2,049 feet for a point of beginning; thence run West 925.65 feet, thence run North 100 feet, thence run East 925.65 feet, thence run South along the West right-of-way line of the Simpson Road 100 feet to the point of beginning, said tract of land being located in Lot “C” of the Lewis-Washington Partition, and containing two and one-eight acres, more or less, known as 9304 Simpson Road and 9306 Simpson Road, Shreveport, Louisiana.
2. 19.85 ACRES M/L OF LEWIS-WASHINGTON PARTITION IN E/2 OF SEC. 7(16-15) N. 608.25 ft of Lot “C,” less N. 100 ft of W. 841.2 ft of E. 871.2 ft & less N. 200 ft of S. 400 ft of W. 895.65 ft of E. 925.65 ft and less S. 100 ft of W. 841.2 ft of E. 871.2 ft and less N. 100 ft of S. 200 ft of W. 840 ft of E. 870 ft thereof, located in Caddo Parish, Louisiana.
3. 7.385 ACRES M/L OF LEWIS-WASHINGTON PARTITION IN E/2 OF Sec. 7 (16-15), S. 500 ft of Lot “C,” located in Caddo Parish, Louisiana.
4. 2.06 ACRES M/L OF LEWIS-WASHINGTON PARTITION IN E/2 OF SEC. 7 (16-15), N. 100 ft of S. 400 ft of 895.65 ft, of E. 925.65 ft of Lot “C,” located in Caddo Parish, Louisiana.
Costs of this appeal are assessed to the appellee, Jeffrey Smith.
REVERSED AND RENDERED.
CARAWAY, J., dissents with written reasons.